WILLIAM F. WARD, Plaintiff in Error, *v.* WILLIAM F. ENDERS *et al.*, Defendants in Error.

ERROR TO ADAMS.

A decree should conform to the prayer of the bill.

A conveyance in fraud of creditors, should be set aside, as against the persons, their heirs, etc., whose debts shall be hindered or delayed thereby ; the deed may not be held utterly void, as between the parties to it.

Such a conveyance is not void as to subsequent creditors.

WILLIAM F. ENDERS & Co., complainants below, filed their
bill in chancery, in the Pike Circuit Court, on the 28th day of
March, 1860, alleging that one Joshua Wood became indebted
to them for goods in November, 1857, in the sum of $353.21.
At the November term, 1859, of the Pike Circuit Court, judg-
ment was obtained upon said indebtedness for $410.36, and
costs.    Execution was issued and went into the hands of the
sheriff on 28th of December, 1859, and returned *nulla bona*.
That Joshua Ward was the owner of a valuable farm and
other real estate during the time of his indebtedness ; that he
has at different times deeded away all of his real estate, and
disposed of nearly all of his personal property, retaining only
so much as is exempt from execution ; that in order to hinder,
delay, and defraud said complainants, said Joshua Ward con-
veyed by deed to William F. Ward, the south-east quarter of
Section 21, the south-west quarter of the north-west quarter of
the south-west quarter of Section 22, in Township 4 south,
Range 4 west ; that said Ward occupied said land as his home-
stead during the accrual and existence of said indebtedness,
but abandoned it about the time of making said deed ; that
said William F. Ward is the son of Joshua Ward, and was a
single man at the time of conveyance, and but just grown up,
and possessed of but little personal property and no real estate ;
that to cover up and make colorable said sale, Joshua Ward
caused a mortgage to be given by said William, on said land,
for the consideration of $6,090, the condition reciting to secure
the payment of five notes, payable at different times ; that
said William was wholly unable to pay out of his own means
the said pretended consideration ; that said deed, mortgage,
and notes were all planned to delay, hinder and defraud com-
plainants ; that said debt is yet due and unpaid.    Prays that
said deed, mortgage and notes may be decreed to be fraudu-
lent, as against complainants, and be set aside and annulled.

On the 8th day of June, 1860, the answers of Joshua and
William F. Ward were filed, and admit that said Joshua con-
veyed the premises in the bill described, to said William, but
deny that it was fraudulent, or that it was done to hinder,
delay or defraud complainants, but that it was a *bona fide*

sale; admit that at time of conveyance, William was single, but deny that he was without property; allege he is worth $3,000 in personal property; that at the time of deed, had a saw mill worth $2,700; insist that said conveyance was made in good faith.

Replication to answers filed July 24, 1862.

The depositions in evidence filed in said cause show the existence of the indebtedness as stated in bill, and establish the allegations in it.

The venue was changed to Adams county.

At the March term of the Adams Circuit Court a decree was entered, declaring that said deed and mortgage were, at the time they were made, and were then, void and fraudulent, and vacates and cancels the same, and sets the same aside, and orders the sale of the premises to satisfy the amount due.

J. S. BAILEY, and F. G. BROWN, for Plaintiff in Error.

This decree should be reversed, because the facts alleged in the bill only authorize a decree, rendering the deed, and notes, and mortgage, void, as to complainants in the bill in chancery, and as between the parties to the deed it is binding. 1 Story Eq., sec. 371, p. 364; 8 E. C. Reports, p. 99; Fonbl. Equity, 122; *Reechart* v. *Castwar*, 5 Binney, 109; *Osborn* v. *Moss*, 7 Johns. 160; *Findley* v. *Cooley*, 1 Blackf. 263; *Chapin* v. *Pease*, 10 Conn. 69; *Fox et al.* v. *Willis*, 1 Mich. 325; *Cushwa* v. *Cushwa*, 5 Md. 44; *Lowry* v. *Orr*, 1 Gilm. 85; *Choteau* v. *Jones*, 11 Ill. 300; *Waggoner* v. *Cooley*, 17 Ill. 239; *Curtis* v. *Price*, 12 Vesey, 101.

The complainants only ask a decree that the conveyance may be declared void, as against them; and the decree annuls, cancels, and declares that it was, at the time of the making, and still is, utterly void.

There is no sufficient evidence of fraud to uphold this decree.

There is no evidence whatever, that William F. Ward had any knowledge of the indebtedness, or in any way interfered to hinder, delay or defraud complainants.

If the court should be of opinion that the decree should

34

not be reversed, we ask that it may be modified, so as to declare the deed, notes and mortgage only, to be void as against complainants.

W. A. GRIMSHAW, and GRIMSHAW & WILLIAMS, for Defendants in Error.

This was a bill to set aside a conveyance by a debtor, Joshua Ward, to his son, William F. Ward, for fraud. The allegation in the bill, is that the deed which is complained of as fraudulent, contained an expressed consideration of $6,090, which consideration is alleged not to have been paid. The answer denies fraud, but does not set up that any consideration was paid, nor does the proof show that William F. Ward ever paid one dollar for the property. The proof is clear that defendants in error were creditors of Joshua Ward before conveyance; that they obtained judgment and were prevented from collecting their judgment by Joshua Ward conveying his real estate to his son, William F. Ward, who does not prove that he ever paid anything for this conveyance, and who is shown by the proof to have been unable to have paid for the land. This fraud is palpable, and is clearly proved. The recital in the deed to William F. Ward does not prove payment of consideration. This principle is decided in *Brown* v. *Welsh*, 18 Ill. 346; *Jackson* v. *McChesney*, 7 Cow. 362; *Harrison* v. *Southcote*, 1 Atkyns, 538; *Hardingham* v. *Nicholls*, 3 Atkyns, 304.

No attempt is made to prove any payment of a consideration.

We insist, that the proof fully justified the decree, that the deed to William F. Ward was fraudulent and void as to creditors, and that the decree was rendered literally in compliance with the statute of frauds, and so far as it permitted William F. Ward to pay the debt of complainants, and by so doing, to prevent a sale of the premises, it was a decree which was legal and also fair towards William F. Ward. The decree is not personal as to him, except so far as it declares deed void for fraud, and directs sale unless both defendants paid

the debt. The decree was proper under both general and special prayer in the bill, and if it had ordered a sale without permitting the grantee in the fraudulent deed to avoid the effect of decree by paying the money, might have been erroneous against William F. Ward. Why should he complain that he is permitted to avoid the consequences of a sale, by paying the money due complainants?

The deed, if void, was void *in toto. Hyslop* v. *Clarke*, 14 Johns. 464; *Mackie* v. *Cairns*, 5 Cow. 564.

If void, because intentionally made to defraud creditors, it is void on account of ill faith as to all subsequent as well as all prior creditors. 1 Story's Eq. Juris., secs. 361, 371; *Drinkwater* v. *Drinkwater*, 4 Mass. 357.

The decree does not attempt, however, to settle any rights except those of the parties to the record. Questions as to the rights of other parties, or of the effect of decree on rights of other parties, cannot be presented. The decree on proof declares deed void, and orders a sale if debt is not paid, and complainants were not bound to put in their decree the extent to which it was or might be void as to parties outside the record, and they would have taken either a void or erroneous decree if they had done so.

BREESE, J. This was a bill in chancery, filed by the complainants as creditors of Joshua Ward, to set aside, on the ground of fraud, a certain deed and mortgage executed by Ward to his son, William F. Ward. So far as the complainants are concerned, the fraud was fully established. The proof is abundant on that point, and that they were hindered and prevented thereby, from collecting the debt of Joshua Ward. A decree was passed, declaring this deed and mortgage, at the time they were executed, fraudulent and void, and it vacates and cancels them, and sets them aside, as against all parties.

The only question presented is, as to the propriety of this decree.

The complainants, by their bill, ask only that these conveyances shall be set aside as to them, and this is all they

had a right to ask. The decree should be according to the prayer of the bill, and affect only the parties to the bill. The decree is erroneous, for these conveyances are not utterly void. Our statute declares, they shall be deemed and taken only as against the persons, their heirs, etc., or assigns, whose debts, etc., shall, by such devises, be in any wise disturbed, hindered, delayed or defrauded, as "clearly and utterly void."

By a long course of decisions in the courts of Great Britain, and in most of those in this country, including this court, it is held, that as between the parties to the deed, it is valid and binding. *Lowry* v. *Orr*, 1 Gilm. 85; *Chauteau* v. *Jones*, 11 Ill. 318; *Waggoner* v. *Cooley*, 17 Ill. 239; 1 Story's Eq. Jur., sec. 371; Fonblanque's Equity, 122, with notes of reference to American cases. The case of *Hyslop* v. *Clarke*, 14 Johns. R. 464, appears to have been decided on the language of the statute of frauds, which differs from our statute. And so of the case of *Mackie* v. *Cairns*, 5 Cowen, 564. But whatever may be the decisions of the courts on the point, our statute declares with great emphasis, that only as to the creditors shall the deed be held to be "clearly and utterly void."

Here a point is made by the defendants in error, that the deed is void as to all subsequent, as well as prior creditors, and if any modification of the decree be made, it should not extend to them. As at present advised, we are of opinion that the statute contemplates creditors who were such at the time of the execution of the deed alleged to be fraudulent, and none other, and for the reason that the credit could not have been given on the faith of the property conveyed. The decree going to the extent of annulling the deed and mortgage for all purposes, and as to parties other than the complainants, is to that extent, erroneous and must be so modified, as to declare the same fraudulent and void as against the complainants only, and it will be so modified. Each party will pay one-half the costs of this court.

*Decree modified.*