REBECCA WOOLDRIDGE *et al.*

*v.*

FRANCIS D. GAGE *et al.*

| 68 | 157 |
| 24a | 221 |

| 68 | 157 |
| 29a | 200 |

| 68 | 157 |
| 160 | 500 |

| 68 | 157 |
| 54a | 516 |

| 68 | 157 |
| 212 | ¹629 |

1. FRAUDULENT CONVEYANCE—*only void as to prior creditors.* A conveyance of a debtor's property is void only as to prior creditors, when made to defraud them, and not as to subsequent creditors.

2. Where the proof showed the employment of attorneys, in the winter of 1854–5, to defend a suit to be commenced in the next spring, and the party so employing, on Feb. 3, 1855, gave his deed of trust to other parties, which was claimed to be fraudulent as to creditors, it was *held*, on bill in chancery to set aside the fraudulent conveyance, and a purchase thereunder, by a purchaser under a judgment in favor of the attorneys, that the proof did not satisfactorily show the existence of the attorneys' claim at the date of the trust deed.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was a bill in chancery, brought by William Wooldridge, against James L. Gage, William Hubbard and William L. Sloss, to set aside a certain deed of trust and a sale thereunder as being made in fraud of creditors. The court below dismissed the bill. William Wooldridge having departed this life, Rebecca Wooldridge, his widow, and William Wooldridge, his heir at law, prosecuted this writ of error.

Mr. LEVI DAVIS, and Mr. A. W. METCALF, for the plaintiffs in error.

Mr. DAVID GILLESPIE, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On the 3d day of February, 1855, William Bruse executed a deed of trust of the premises in question to Sloss and Jones, as trustees, to secure the payment of a promissory note to one Hubbard, for $1200. On the 13th of March, 1856, the premises were sold under the deed of trust, under which sale the defendants claimed.

At the May term, 1857, a judgment was recovered by Sloss and Rutherford against Bruse, and under an execution issued thereon the premises were sold by the sheriff on the 26th of June, 1857. The complainant claimed under this sale, and filed this bill to set aside the sale and conveyance under the deed of trust, on the alleged ground that the deed of trust

was fraudulent and void, as having been made to defraud creditors.

The court below, on final hearing, dismissed the bill.

The representatives of the complainant have brought this writ of error.

Upon an examination of the proofs, we are inclined to the opinion that the decree may be sustained on the ground of a failure to show that Sloss and Rutherford were creditors of Bruse at the time of the execution of the deed of trust by the latter.

The plaintiffs in error concede that the conveyance would only be void as to prior, and not as to subsequent, creditors, as are the decisions of this court. *Ward* v. *Enders et al.* 29 Ill. 519; *Moritz* v. *Hoffman,* 35 id. 553; *Mixell et al.* v. *Lutz,* 34 id. 382.

The note of Bruse, upon which the judgment against him was rendered, bore date September 15, 1855, which was some time after the making of the deed of trust. The note was given, however, for previous services as an attorney, and it is insisted that the date of the employment as attorney is to be referred to as the origin of the demand, according to the rule as laid down in Bump on Fraudulent Conveyances, 488, as follows:

"The distinction between prior and subsequent creditors makes it important at times to inquire into the date and origin of a demand. It may be laid down as a general rule, that all claims which arise from contract are in force from the date of the agreement. The liability dates from that time, although no demand accrues until a subsequent date."

Admitting the correctness of the view above insisted on, the testimony in that respect is, that some time in the fall of 1854, or winter of 1854–5, Bruse came to the office of Sloss and Rutherford, and employed them to defend a suit which he said his wife was threatening to commence against him for a divorce; that they contracted to defend the suit; the suit was brought at the next spring term of the court, and defended

by Sloss and Rutherford, and after the termination of the suit an action was brought, and the judgment in question recovered, for their fee, for which the note upon which the judgment was rendered had been given. Consistently with this testimony, the time of the employment as attorneys might have been subsequent to February 3, 1855, the date of the execution of the deed of trust.

The court below may have rested its decree on the ground that the proof failed to show that Sloss and Rutherford had been employed by, and were creditors of Bruse at the time of the making of the deed of trust. For such finding of the court we would not disturb the decree under the evidence.

The decree must be affirmed.

*Decree affirmed.*