ASAHEL GAGE

*v.*

JAMES GRIFFIN.

*Filed at Ottawa May 12, 1882.*

1. CHANCERY—*jurisdiction—bill to remove cloud on title.* Since the act of 1869, a bill to quiet title or remove a cloud from the title to land which fails to show that the complainant is in possession, or that the premises are unoccupied and unimproved, is bad on demurrer, as not showing a case of equitable jurisdiction.

2. SAME—*waiver of objection to jurisdiction.* Where a defendant demurs to a bill to set aside a tax deed as a cloud upon title, on the ground it presents no case for the interposition of a court of equity, but declines to

answer, even upon being ruled to answer, he will not be held as having waived his objection that there was a want of jurisdiction, on the ground of there being an adequate remedy at law.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. AUGUSTUS N. GAGE, for the appellant:

A bill to remove a cloud from the title to land can only be maintained when the property is vacant or unoccupied, or is in the possession of the complainant. The bill not showing the condition of the property, the demurrer should have been sustained for want of jurisdiction. *Gage* v. *Abbott,* 99 Ill. 366, and cases there cited.

Again, the bill is defective in failing to offer the plaintiff in error the money he has paid out for the delinquent taxes. A party seeking equity must do equity.

Messrs. MASON BROTHERS, for the appellee:

The bill alleges that the deed is a cloud upon complainant's title, and prevents his enjoyment and disposal of the same. This sufficiently shows that the land is vacant and unoccupied. *Gage* v. *Abbott,* 99 Ill. 366.

It should be remembered the bill was taken for confessed, and that all intendments are to be made in support of the decree.

In this case the defendant did not abide by his demurrer and allow a decree on it, but, on the contrary, ten days were allowed him in which to answer, and then the bill was taken for confessed for want of an answer. That this is a waiver of objection to the jurisdiction, see *Knapp et al.* v. *Marshall et al.* 26 Ill. 63; *Dodge et al.* v. *Wright et al.* 48 id. 383.

No question appears to have been raised in the court below as to the jurisdiction of a court of chancery in this case, and it is too late to raise it for the first time here. *Mix* v. *Ross et al.* 57 Ill. 121; *Stout* v. *Cook,* 41 id. 447.

Objection that there is a remedy at law must be raised and urged in the court below, or it will be considered waived. *Comstock* v. *Henneberry,* 66 Ill. 212; *Hickey* v. *Forrestal,* 49 id. 256.

A decree made by consent can not be appealed from, nor can error be properly assigned upon it. *Armstrong et al.* v. *Cooper et al.* 11 Ill. 540.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill brought by James Griffin, against Asahel Gage, in the Superior Court of Cook county, to set aside certain tax deeds held by the defendant to a lot of land of which complainant was alleged to be owner, as being a cloud upon the title of complainant. To the bill a general demurrer was filed, which the court overruled, and ruled the defendant to answer in ten days, and on failure of compliance with the rule the bill was taken as confessed against the defendant, and a decree entered declaring the tax deeds to be void, and enjoining the defendant from asserting any title under them to the premises they purported to convey. The defendant appealed from the decree.

In *Gage* v. *Abbott,* 99 Ill. 366, this court held that since the statute of 1869, (Rev. Stat. 1874, p. 204, sec. 50,) a bill to quiet title, or remove a cloud from the title, which fails to show that the complainant is in possession, or that the premises are unoccupied and unimproved, is bad on demurrer, as not showing a case for equitable relief; and to the like effect is *Hardin* v. *Jones,* 86 Ill. 313. The bill in the present case fails to show either one of the above named facts, and therefore was bad, and the demurrer to it should have been sustained, upon the authority of the above cases.

It is objected that it is too late to make the objection for the first time in this court that there was an adequate remedy at law, and that from the bill being taken for confessed against the defendant there was a waiver on his part of this

objection, and various decisions of this court are cited as supposed to favor such view.

This court held in *Stout* v. *Cook,* 41 Ill. 447, that the objection there was a complete remedy at law came too late . after having filed an answer without taking the exception, and in *Dodge* v. *Wright,* 48 Ill. 382, that such objection will be deemed to have been waived by a defendant where, after the proofs have been taken, he consents to a hearing upon the merits. We do not understand, from any general expressions in other cases cited, that the court intended to decide anything differently than in the above cases, and that anything less than there indicated, and that no more than what occurred in the present case, would waive the objection.

In *Stout* v. *Cook,* reference was made to a note in 1 Daniell's Ch. Practice, (5th Am. ed.) 551, where the authorities on this point are collected, and among them being *First. Cong. Society* v. *Trustees,* 23 Pick. 148, that "if a defendant in a suit in equity answer and submits to the jurisdiction of the court, it is too late for him to object that the plaintiff has a plain and adequate remedy at law." And see *Grandin* v. *Le Roy,* 2 Paige, 509; *Hawley* v. *Cramer,* 3 Barb. Ch. 574. So in *Underhill* v. *Van Costland,* 2 Johns. Ch. 369, it was said, · by answering in chief instead of demurring, the defendants submitted the cause to the cognizance of the court, and they came too late at the hearing on the merits to raise the objection that there was an adequate remedy at law; that it would be an abuse of justice if defendants were permitted to protract a litigation to that extent, and with the expense attending it, and then at the final hearing interpose with this preliminary objection.

In the case before us, the defendant did take objection by demurrer that the bill presented no case for the interposition of a court of equity, and did nothing further. Had he answered without taking the exception that there was an adequate remedy at law, and thus submitted to the jurisdic-

tion of the court, he might be deemed to have waived the objection. Though ruled to answer, defendant did not answer, and having taken no other step in the cause than interposing a demurrer, it does not appear that the defendant submitted himself to the jurisdiction of the court without objection, and we see nothing to amount to a waiver of the objection that there was an adequate remedy at law, or to preclude appellant from now insisting upon the objection.

The decree will be reversed, and the cause remanded for further proceedings consistent with this opinion.

*Decree reversed.*