HENRY H. GAGE

*v.*

FRED C. CURTIS *et al.*

*Filed at Ottawa November 11, 1887.*

1. CLOUD UPON TITLE—*who may complain—remedy at law or in chancery.* Unless the complainant is in possession of the land, or it is vacant and unoccupied, a bill will not lie to have a deed set aside as a cloud on the title; and where the bill fails to show such jurisdictional fact, no relief can be granted, but the party will be left to his remedy at law by action of ejectment.

2. ALLEGATIONS AND PROOFS—*must correspond—on bill to remove cloud upon title.* On bill to set aside certain tax deeds as clouds on the title of complainant, it is error to set aside any tax deeds other than those described in the bill as affecting the title. A complainant must stand or fall by the case he makes in his bill.

3. The validity of a tax deed, not described in a bill to remove clouds on the title to land, can not be insisted upon by the defendant as a defence to the suit, and much less can it be considered and condemned at the instance of the complainant, when no relief is asked in respect to it.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding.

Fred C. Curtis, Jacob Swart and Allen Bowersax filed their bill in chancery in the Superior Court of Cook county, against Henry H. Gage, alleging therein that they are the owners of certain lots in the Superior Court partition of the south-east

quarter of the south-east quarter of section 22, township 38 north, range 14 east, in Cook county; that the property was owned by R. C. Fisher, M. A. Fisher, Goudy, Quackenbush and Armstrong, in undivided interests, and they procured a partition thereof by proceedings in the Superior Court of Cook county; that the commissioners appointed to make the partition divided the property into lots, and apportioned it among the several owners aforesaid, which was confirmed by the Superior Court; that the complainants derive title by conveyance from Rachel C. Fisher to the lots set off to her, as follows: Curtis owns 1, 2, 26, 27, 41, 42, 43, 64, 65, 66, 78, 79, 80, 81, 90, 91, 92, 110, 111, 112, 113, 117, 123, 124, 125, 130 and 131; Swart owns lots 52, 53, 93 and 116, and Bowersax owns lots 40, 54 and 115; that Rachel C. Fisher has, at all times, paid all taxes assessed upon her undivided interest before partition, and upon her lots after partition, up to the time of conveyance to complainants, since which time complainants have paid the same, so that there is no claim of any unpaid taxes or assessments against said lots. It is further therein alleged, that in 1870 the taxes on the undivided half of the land, other than the interests of said Fisher, were forfeited to the State, and added to the taxes of 1873 on the whole of the land, instead of being extended against an undivided half thereof; that in 1871 the taxes on an undivided quarter were also forfeited, and added to the tax of the whole, and on October 30, A. D. 1875, an undivided quarter of said quarter section was sold to Henry H. Gage for the tax of 1871, and an undivided half of said quarter section was sold to him for the taxes of 1870, and, not being redeemed, a deed was issued to him on March 13, 1877; that Rachel C. Fisher paid one-fourth of the second installment of the South Park assessment on said tract; that an owner of another undivided quarter appealed from the judgment therefor, but notwithstanding such appeal, sale was made to Henry H. Gage on December 4, 1874, and a deed was issued thereon to him on the 16th of October,

1877; that Gage claims to have paid some tax or assessments on undivided interests in the said land, and on some lots in the subdivision, but that no such payments were or had been made for the taxes on the undivided interests of Rachel C. Fisher, nor upon any of the land set off to her; that complainants do not know who are the owners of the tracts so sold, but they say Rachel C. Fisher was not, and that all taxes upon her undivided quarter of the land, and the lots allotted to her, have been paid by her or her grantees and complainants. It is also further therein alleged, that Gage claims to be the owner by reason of such sale and conveyances of an undivided quarter and an undivided half of all lots so owned by complainants, and that he is entitled to the possession thereof, notwithstanding Rachel C. Fisher had paid in full all taxes levied and assessed upon her undivided fourth; that complainants have requested Gage and the owners of the other undivided interests to have the cloud removed, but they refuse to do so. The prayer is for an answer, but not under oath, and that it be decreed that Rachel C. Fisher's undivided quarter was not sold or conveyed on account of or for non-payment of taxes, and for general relief.

Henry H. Gage answered, that while seeking the aid of a court of equity, complainants do not offer to do equity. He denies the ownership claimed by the complainants, and alleges that he is, himself, the owner of the lots claimed by the complainants, and also that he owns the whole south-east quarter of the south-east quarter of section 22, township 38 north, range 14, west, derived by and through divers tax titles, and that his tax titles are evidenced by divers tax deeds, which said deeds are in his possession and ready to be produced at the hearing, as the court shall direct; and the other material allegations of the bill were denied. There was a replication to the answer, and, on hearing, the court found and decreed as follows, namely:

"That on January 11, 1872, Rachel C. Fisher was the owner, in fee simple, of the undivided one-fourth of the south-east quarter of the south-east quarter of said section 22; that Martha A. Fisher owned a fourth, William C. Goudy owned a fourth, Peter Quackenbush an eighth, and Jonathan P. Armstrong an eighth; that afterwards Rachel C. Fisher caused a partition thereof to be made in the Superior Court of Cook county, and the same was partitioned into 140 lots, on January 14, 1877, of which lots Rachel C. Fisher was decreed to be the owner of lots mentioned in the bill; that Rachel C. Fisher has, at all times, (except in the case of the taxes of 1879, as hereinafter stated,) paid or duly redeemed from tax sale all taxes and all assessments levied on her undivided interest, and that after the partition, and until she sold them, (except in the case of the taxes of 1879,) for which year, however, said Henry H. Gage paid said taxes, under a claim of ownership or interest by virtue of the tax titles herein set forth, and there was no sale of any part of said property for taxes, imposition or assessment for that year, and that said complainant, her grantees, respectively, paid all taxes and assessments levied or assessed against their respective lots down to the filing of said bill, so there was then no valid claim for any unpaid or unredeemed taxes or assessments against either the said undivided one-fourth interest, or against the said lots so set off to her, owned by the complainants, respectively, as aforesaid.

"It further appears to the court that the complainants offered in evidence the following tax deeds, disclaiming any intention to prove the validity thereof, but claim that said deeds, each and all of them, and the sales therein recited, cast a cloud upon the title to the lots so owned by them, which said deeds were received and allowed to be read in evidence for that purpose, to-wit: First, tax deed dated June 20, 1877, to Henry H. Gage, recorded June 22, 1877, reciting sale of October 7, 1874, conveying an undivided half of the south-east quarter of the south-east quarter, aforesaid; second, tax deed to Henry H. Gage,

dated March 13, 1877, recorded March 23, 1877, conveying to Henry H. Gage an undivided quarter of the south-east quarter of the south-east quarter aforesaid, reciting sale of October 30, 1874; third, tax deed to Henry H. Gage, dated March 13, 1877, recorded March 26, 1877, conveying an undivided quarter of the south-east quarter of the south-east quarter aforesaid, reciting sale of October 30, 1874; fourth, tax deed to Henry H. Gage, dated October 15, 1877, recorded October 19, 1877, conveying an undivided one-eighth of said forty acres, reciting sale of December 2, 1874; fifth, tax deed to Henry H. Gage, dated October 16, 1877, recorded October 20, 1877, conveying an undivided one-eighth of said forty-acre tract, reciting sale of December 2, 1874; sixth, tax deed to Henry H. Gage, dated June 26, 1880, recorded June 29, 1880, conveying an undivided quarter of said forty-acre tract, reciting sale of August 14, 1877; seventh, tax deed to Henry H. Gage, dated July 2, 1880, recorded July 3, 1880, conveying an undivided one-eighth of said forty-acre tract, reciting sale of August 14, 1877; eighth, tax deed to Henry H. Gage, dated July 15, 1880, recorded July 17, 1880, conveying an undivided one-eighth of said forty-acre tract, reciting sale of August 14, 1877; ninth, tax deed to Henry H. Gage, dated June 30, 1880, recorded July 1, 1880, conveying an undivided fractional part of said forty-acre tract, reciting sale of September 4, 1877; tenth, tax deed to Henry H. Gage, dated July 14, 1880, recorded July 15, 1880, conveying an undivided five-eighths of said forty-acre tract, reciting sale of September 4, 1877.

"It further appearing to the court that said several sales mentioned in said tax deeds were not sales of the undivided one-fourth of said Rachel C. Fisher, but by reason thereof there exists a cloud on the title of her interest and the lots so divided and set off to her, as aforesaid, which, at the time of the filing of the bill, were owned by the complainants; that the equities are with the complainants, and it is ordered and decreed that each, every and all of the taxes, impositions and

assessments for or on account of which each, every and all the sales hereinabove described and set forth, as far as they relate to or concern the said undivided one-fourth interest of said Rachel C. Fisher in said tract of land and the lots set off to her, were fully paid and discharged before such sale, or (in cases where sales were made) were by her duly redeemed, discharged and cancelled in apt time, and such taxes and assessments, each and every of them, the said sales, each and every of them, and the said hereinbefore described tax deeds, each and every of them, from and after the time of such payments and such redemptions, have not and do not now constitute or exist as any claim, lien, charge, imposition, cloud or incumbrance upon or against the said Rachel C. Fisher's undivided one-fourth interest, or the lots so set off to her, nor any of them; that the pretended claim of title to said undivided quarter of said Rachel C. Fisher, and to the several lots set off to her, made by Henry H. Gage in that behalf, are false and fraudulent in fact, law and equity, and of no valid standing, force or effect whatever, and the apparent cloud so by reason of the premises aforesaid existing against or upon said undivided one-fourth interest of said Rachel C. Fisher, as well as the apparent clouds so existing upon or against the title of said complainants, and each of them, in and to the lots, (the lots aforesaid, alleged to be set off to Rachel C. Fisher,) and each and every of them, be and the same are hereby set aside, dispelled, removed, cleared off, and that title to said several lots so set off to her, the said Rachel C. Fisher, is hereby released, cleared and forever discharged therefrom.

"It is further ordered, adjudged and decreed that Henry H. Gage pay the costs of this action, and thereupon he prays an appeal to the Supreme Court, which is granted on his filing bond in $300, and a certificate of evidence in twenty days."

Mr. AUGUSTUS N. GAGE, for the plaintiff in error:

There are only two cases under our law where a court of equity may entertain a bill to remove a cloud from the title to

real estate. The first is where the complainant is in possession of the property, and the second is where the property is vacant and unoccupied. Rev. Stat. 1874, sec. 50, chap. 22; *Hardin* v. *Jones,* 86 Ill. 313; *Gage* v. *Abbott,* 99 id. 366, and cases cited; *Gage* v. *Griffin,* 103 id. 41.

He who seeks equity must do equity, and a complainant must come with a clean conscience. *Reed* v. *Tyler,* 56 Ill. 288; *Barnett* v. *Cline,* 60 id. 205; *Farwell* v. *Harding,* 96 id. 32; *Gage* v. *Busse,* 102 id. 592.

The allegations and proofs are at variance. *Hyde* v. *Heath,* 75 Ill. 381; *Gage* v. *Reed,* 104 id. 509.

Mr. J. A. SLEEPER, for the defendant in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

There are two grounds upon which the decree below must be reversed, without regard to whether the other grounds are well urged.

*First*—It is neither alleged that complainants are in possession of the property, nor that it is vacant and unoccupied, without one of which allegations the complainants must be remitted to their remedy at law, by action of ejectment. *Gage* v. *Griffin,* 103 Ill. 41; *Hardin* v. *Jones,* 86 id. 313; *Gage* v. *Abbott,* 99 id. 366.

*Second*—The deeds described in the bill, and which are sought to be removed as clouds, are, first, a deed made on March 13, 1877, pursuant to a sale made on October 30, 1875; and second, a deed made on October 16, 1877, pursuant to a sale made on December 4, 1874. But the decree describes, first, deed dated June 20, 1877, made pursuant to a sale on October 7, 1874; second, deed dated March 13, 1877, made pursuant to sale on October 30, 1874; third, deed dated March 13, 1877, pursuant to sale on October 30, 1874; fourth, deed dated October 15, 1877, pursuant to sale on December 2, 1874; fifth, deed dated October 16, 1877, pursuant to sale on Decem-

ber 2, 1874; sixth, deed dated June 26, 1880, pursuant to sale on August 14, 1877; seventh, deed dated July 2, 1880, pursuant to sale on August 14, 1877; eighth, deed dated July 15, 1880, pursuant to sale on August 14, 1877; ninth, deed dated June 30, 1880, pursuant to sale on September 4, 1877; tenth, deed dated July 14, 1880, pursuant to sale on September 4, 1877. And it is afterwards decreed, that "the hereinbefore described tax deeds, each and every of them, from and after the time of such payments and such redemptions, have not and do not now constitute or exist as any claim, lien, charge, imposition, cloud or incumbrance upon or against the said Rachel C. Fisher's undivided one-fourth interest, or the lots so set off to her, nor any of them, * * * and the apparent cloud so by reason of the premises aforesaid existing against or upon said undivided one-fourth interest of said Rachel C. Fisher, as well as the apparent clouds so existing upon or against the title of said complainants, and each of them, in and to the lots, * * * and each and every of them, be and the same is hereby set aside, dispelled, removed, cleared off." The rule is, that the complainant must stand or fall by the case he makes in his bill. (*White* v. *Morrison*, 11 Ill. 361; *Rowan* v. *Bowles*, 21 id. 17; *Chaffin* v. *Heirs of Kimball*, 23 id. 36; *Ohling* v. *Luitjens*, 32 id. 23.) And the decree must conform to the prayer of the bill. *Ward* v. *Enders*, 29 Ill. 519; *Hall et al.* v. *Towne*, 45 id. 493.

The validity of the deeds not described in the bill could not have been insisted on by the defendant as a defence to the suit. (*Gage* v. *Mayer*, 117 Ill. 632; *Parker* v. *Shannon*, 114 id. 192.) Much less could they be considered and condemned at the instance of the complainant, when they were not described, and no relief was asked respecting them in the complainant's bill.

The decree is reversed and the cause remanded.

*Decree reversed.*