# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

ALBERT BUETTNER *et al.* Appellees, *vs.* JACOB GLOS, Appellant.

*Opinion filed April 23, 1909.*

1. APPEALS AND ERRORS—*when specific facts must be incorporated in the decree to sustain it on appeal.* Upon appeal from a decree setting aside a tax deed as a cloud, if there is no certificate of evidence the decree cannot be sustained unless the specific facts upon which the decree is based are incorporated in the decree.

2. SAME—*decree must show that tender was made before bill was filed.* To sustain an award of costs against the holder of a tax deed by a decree setting aside the tax deed as a cloud, it must appear from the decree, if there is no certificate of evidence, that a valid tender of the amount due was made before the bill was filed.

3. SAME—*when finding that notice was not served by defendant is not sufficient.* A finding, in a decree setting aside a tax deed, that the notice required by the statute as a condition precedent to the issue of the tax deed was not given by the defendant is not sufficient, where it does not appear from the decree that the defendant was the purchaser at the tax sale and not the assignee of some purchaser who might have given the required notice before the assignment was made.

4. CLOUD ON TITLE—*tax deed should not be set aside except as to premises described in bill.* A tax deed should not be set aside except as to the premises described in the bill, and hence a decree directing the defendant to "deliver up said tax deed to be canceled by the clerk of this court" cannot be sustained on appeal, in the absence of a certificate of evidence, where it does not appear from the decree but that the tax deed covered other lands than those described in the bill.

FARMER and CARTER, JJ., dissenting.

APPEAL from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

JOHN R. O'CONNOR, for appellant.

THURMAN, STAFFORD & HUME, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in equity filed by Albert Buettner and Amelie Buettner, the appellees, against Jacob Glos, the appellant, to cancel a tax deed upon lots 6 and 7, in block 3, in Wallace E. Rhodes' subdivision of blocks 1 and 2 in the subdivision of the west half of the south-west quarter of section 34, town 40, north, range 13, east of the third principal meridian, (except five acres in the south-east corner thereof and the railroad right of way,) in the county of Cook, in the State of Illinois, as a cloud upon the appellees' title, who were alleged to be the owners in fee simple of said premises. The appellant appeared and answered the bill, denying that the appellees were the owners of the said premises or that they were in possession of said premises, and demanded that the appellees be required to make strict proof of the allegations contained in their bill. A replication was filed and the case was heard in open court and a decree was entered granting the relief prayed for in the bill, and an appeal has been prosecuted by defendant to this court.

The evidence has not been preserved in the record and the case comes before this court upon the findings of fact contained in the decree. It is incumbent upon the party who desires to sustain a decree to preserve the evidence upon which it is based, and where the evidence is taken in open court the evidence must be preserved by a certificate of evidence, or the specific facts upon which the decree is based must be incorporated in the decree. *Village of Harlem* v. *Suburban Railroad Co.* 202 Ill. 301; *Geffinger* v. *Klewer,* 221 id. 184; *Timke* v. *Allen,* 225 id. 402.

This court has also held that in order to entitle the complainant to recover costs in a case to remove a tax deed as a cloud it must be averred and proved that a valid tender of the amount due the holder of the tax deed had been made prior to the date of filing the bill. (*Glos* v. *Goodrich,* 175 Ill. 20; *Glos* v. *O'Brien Lumber Co.* 183 id. 211.) In this case the decree recites "that the complainants offered to pay to and tendered to the defendant, in legal currency of the United States, $60, and that said amount is greater than the defendant has paid or is entitled to by law for such tax purchase and tax deed, and all taxes and assessments paid by him, and all interest, penalties and costs connected therewith." It does not appear from this recital that the tender was made before the bill was filed. For aught shown by the decree, the tender may have been made upon the day the decree was entered.

The tax deed held by the appellant was set aside on the ground that the notice required by the statute as a condition precedent to the issue of the tax deed had not been given. The recital in the decree on that subject is: "That the defendant did not serve, or cause to be served, a written or printed, or partly written or printed, notice of the tax sale stated in said deed on every person in actual possession or occupancy of said premises, or on the person in whose name the same was taxed or specially assessed, or upon the owners of or parties interested in said premises, stating when he purchased said real estate, in whose name it was taxed, the description of the real estate he purchased and for what year it was taxed or specially assessed and when the time of redemption would expire, at least three months before the expiration of the time of redemption on said sale." It does not appear from the decree who was the purchaser at the tax sale, and from what does appear in the decree the appellant may have become the assignee of the tax certificate on the day the tax deed was issued and after the notice required by the statute had been served by his assignor. It

was not, therefore, sufficient to find that said notice was not served by the defendant.

The decree also directs that the appellant "deliver up said tax deed to be canceled by the clerk of this court." The tax deed is not incorporated in the decree, and from anything that appears in the decree the tax deed may have contained other lands than those described in the bill filed in this case. The deed should not have been set aside and canceled except as to the premises described in the bill. *Gage* v. *Curtis,* 122 Ill. 520; *Glos* v. *Adams,* 204 id. 546.

For the errors pointed out the decree of the superior court will be reversed and the cause remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

FARMER and CARTER, JJ., dissenting.