(No. 18968.—)

GAIL DRAY *et al.* Plaintiffs in Error, *vs.* THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS *et al.* Defendants in Error.

*Opinion filed October 25, 1928.*

PAUL B. FISCHER, and L. E. STONE, for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, EDWARD P. NISCHWITZ, State's Attorney, and BROWN, HAY & STEPHENS, (B. L. CATRON, of counsel,) for defendants in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiffs in error have sued out a writ of error from this court to review a decree of the circuit court of Sangamon county dismissing for want of equity an amended bill of complaint filed by plaintiffs in error against defendants in error, the Department of Public Works and Buildings of Illinois, Cornelius R. Miller, director of said department, Frank T. Sheets, superintendent of highways of Illinois,

the Road Construction Company of Evansville, Indiana, a contractor, and the county of Mason, to restrain them from taking any further steps in and about the construction of a portion of Route 43 of the Sixty Million Dollar Bond Issue act between the village of Easton and Mason City, upon a route as located by the department and approved by the Governor.

The amended bill of complaint, among other things, alleges that there are two existing highways connecting Easton and Mason City, one lying to the north and one to the south of the route originated by the Department of Public Works, and that instead of employing these highways in accordance with the requirements of the act in question, the department has laid out a new route located off of all existing highways for a distance of approximately seven miles, and that such deviation is a major change and not such minor change as is contemplated by the act. Defendants in error filed their several answers to the amended bill of complaint, which answers admitted a deviation from the two highways mentioned in the bill for a portion of the way between Easton and Mason City, the length of such deviation not being stated in the answers. The answers allege that neither the highway to the north nor to the south of the proposed route provides a safe, suitable, direct or convenient location for the route, and that by reason thereof it became necessary, in order to carry out the provisions of the act, to locate the route upon and along a line adjacent to the north side of the Illinois Central railroad; that this line affords a direct, safe, suitable and convenient location for the route; that the proposed route is about one and one-half miles shorter in distance between Easton and Mason City than either of said highways, and that the hard road thereon can be constructed at a cost of approximately $50,000 less than upon either of said highways; that all the additional right of way that is needed therefor has been acquired; that the hard-surfaced road is now being con-

structed on the right of way; that such right of way now constitutes a public highway within the meaning of the act; that the use thereof for the route will be for the best interests of the people of the county and the cities and villages located on the route and at the termini thereof. Complainants filed a general replication to the answer, and the cause was tried by the court on the merits and a decree was entered dismissing the amended bill of complaint for want of equity. In the decree the court found that the equities of the case were with the defendants; that the Department of Public Works and Buildings and its officers had determined and fixed the exact location of that part of Route 43 of the State-wide system of durable, hard-surfaced roads extending in an easterly direction from the village of Easton to the city of Mason City upon and along the established highway or right of way acquired therefor, adjacent or near to the north side of the Illinois Central railroad right of way between said village and city, as described in the answer of the defendants to the amended bill of complaint, substantially as located and described in section 9 of the act approved June 22, 1917, and in force July 1, 1917, and likewise found that only such minor changes had been made by the department in the location of said route as had become necessary in order to carry out the provisions of the act as therein provided; that the defendants had proceeded in all things pertaining thereto pursuant to and in conformity with the powers vested in them by said act, and that the complainants were not entitled to the relief prayed in their amended bill of complaint.

The questions involved are solely questions of fact as to whether the Department of Public Works and Buildings, under the circumstances of this particular case, was acting for the best interests of the people of the State or was acting arbitrarily, and whether any change made by it was a major change or a minor change. The evidence heard by the court is not before us for our consideration, it not

having been preserved by a bill of exceptions or certificate of evidence. The decree granted no affirmative relief to plaintiffs in error. While to sustain a decree granting relief the party in whose favor the decree is rendered must, when the facts are not found and recited in the decree, preserve the evidence by a certificate of evidence, (*Village of Harlem* v. *Suburban Railroad Co.* 202 Ill. 301,) yet, on the other hand, where the answers to a bill in chancery deny the allegations of the bill or do not admit them to be true, and where the decree grants no affirmative relief but merely dismisses the bill for want of equity, it is not incumbent upon the defendant to preserve the evidence, but if the complainant believes the decree to be erroneous and desires to have it reviewed he should have the evidence embodied in a certificate, signed by the judge who tried the case, and in the absence of such certificate this court will presume that the court below decided correctly in dismissing the bill. (*Lyons* v. *Lyons,* 272 Ill. 329; *Kelly* v. *Funkhouser,* 171 id. 205; *Atkinson* v. *Linden Steel Co.* 138 id. 187; *Thomas* v. *Adams,* 59 id. 223; *Owens* v. *Prudential Ins. Co.* 297 id. 465.) In the instant case the court, after hearing the evidence, found that only such minor changes had been made by the Department of Public Works and Buildings in the location of the route as had become necessary in order to carry out the provisions of the act, and as the evidence upon which such finding was made has not been preserved, we must presume that the court was correct in its finding.

The decree of the circuit court must therefore be affirmed.

*Decree affirmed.*