(No. 21341.—

THE CITY OF CHICAGO, Plaintiff in Error, *vs.* THE ROSE-HILL CEMETERY COMPANY, Defendant in Error.

*Opinion filed October 22, 1932.*

WILLIAM H. SEXTON, Corporation Counsel, and IRVIN ROOKS, (CARL J. APPELL, of counsel,) for plaintiff in error.

ASHCRAFT & ASHCRAFT, (CARROLL J. LORD, and WILLIAM T. HAPEMAN, of counsel,) for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Plaintiff in error, the city of Chicago, on November 1, 1927, filed in the superior court of Cook county a petition asking that steps be taken to ascertain the compensation to be made for private property to be taken and damaged in making a local improvement by opening up Balmoral avenue between Bowmanville avenue and Western avenue, in said city, and also that steps be taken to levy a special assessment for said improvement. The commissioners' report showed that property owned by defendant in error, the Rosehill Cemetery Company, was to be taken for the improvement. The cemetery company entered its appearance and filed a motion to dismiss the petition. The motion was sustained and judgment entered dismissing the petition. This writ of error is sued out to reverse that judgment.

The judgment entered recites that "the court having heard the evidence and arguments of counsel and being fully advised in the premises, finds that under respondent's charter the petitioner is prohibited from condemning respondent's land described in its petition, and that the motion heretofore filed by Rosehill Cemetery Company to dismiss the petition should be sustained." There is no bill of exceptions in the record and there is no copy of the motion to dismiss the petition filed by the cemetery company in the transcript of the record filed in this court by plaintiff in error. The cemetery company has filed an additional transcript of record which contains a copy of that motion certified to by the clerk of the superior court, but this additional transcript contains no bill of exceptions. The only way that said motion could be made a part of the record was by bill of exceptions, and even though a copy of the motion is inserted into the record by the clerk it is not properly a part of the record in the absence of a bill of exceptions. *Public Service Co.* v. *Rietveld,* 320 Ill. 56; *Butchas* v. *Metropolitan State Bank,* 337 id. 612.

The only contention of plaintiff in error is that the court erred in sustaining the motion of the cemetery company to dismiss the petition, because the court had no jurisdiction to pass upon the rights, privileges and powers of the cemetery company under its charter when the provisions of the charter were not set out in any pleading filed in the case. The judgment order contains a recital that the court found that under the charter of the cemetery company plaintiff in error is prohibited from condemning the land of that company. If it were true that the court had, as plaintiff in error contends, no jurisdiction to determine the rights, powers and privileges of the cemetery company under its charter, still it does not follow, so far as can be determined from the record in this case, that the court erred in sustaining the motion to dismiss the petition. There may have been grounds, other than the one shown in the recital in the judgment order, for the dismissal of the petition that were set up in the motion and supported by the evidence. Everything will be presumed in favor of the correctness of rulings and decisions of the trial court until they are shown to be erroneous. (*Butchas* v. *Metropolitan State Bank, supra.*) In the absence of a bill of exceptions containing the motion to dismiss the petition and the evidence heard thereon this court cannot review the decision of the court on such motion. *Gaynor* v. *Hibernia Savings Bank,* 166 Ill. 577; *Cella* v. *Chicago and Western Indiana Railroad Co.* 217 id. 326; *People* v. *Cowen,* 283 id. 308.

No errors of law appear on the face of the record for which the judgment of the superior court should be reversed. The judgment is therefore affirmed. The costs incident to the filing of the additional record and the supplemental abstract of the additional record by the defendant in error, and only those costs, should be taxed to the defendant in error, the cemetery company.

*Judgment affirmed.*