(No. 21145.— )

LORETTA MONTANYE, Plaintiff in Error, *vs.* GRAFTON B. HARLAN *et al.* Defendants in Error.

*Opinion filed December 23, 1932.*

LEO RICE, and LEO WAXMAN, for plaintiff in error.

JOSEPH M. MANLEY, INA M. R. CAMPBELL, and GEORGE J. AVERY, for defendants in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Plaintiff in error, Loretta Montanye, on August 29, 1930, filed in the circuit court of Kane county a bill to set aside two deeds, certain trust deeds and a contract for the sale of certain real estate in the city of Elgin, Kane county, owned by her prior to August 2, 1921, and for an accounting of the rents and profits of such real estate. Defendants in error, Grafton B. Harlan, Anna A. Harlan, George W. Glos, George J. Avery and Ina M. Campbell, were made

parties defendant to the bill and entered their appearance. A demurrer to the bill was filed by Grafton B. and Anna A. Harlan. It was ordered that this demurrer stand also as the demurrer of defendant Glos. Avery and Campbell filed a special plea, in which, among other things, they alleged that the cause of action stated in the bill was *res adjudicata* and that there was another suit between the parties pending in the circuit court of Cook county involving the same supposed cause of action as was stated in the bill. On November 14, 1930, a decree was entered sustaining the demurrer and the special plea and dismissing the bill for want of jurisdiction. A writ of error has been sued out of this court for a review of the record.

The allegations of the bill are, in substance, the following: Complainant was on August 2, 1921, and for a long period prior thereto had been, the owner of certain described real estate in the city of Elgin, improved with a seven-room house and two garages, which premises were occupied by her as a home and from which she derived as rentals $1000 a year. In the year 1921 she started a suit against one Major Sherman, an influential politician of the city of Elgin, for breach of promise. To discredit and harass her and to cause her to abandon her suit for breach of promise one Leo Abbott caused a complaint of insanity to be filed against her. She was informed and believed that Abbott was related to Harlan and filed the complaint at the instigation of Sherman. On June 27, 1921, she was apprehended on the complaint and wrongfully and without cause confined in the State Hospital for the Insane at Elgin. A partial hearing on the complaint was had on July 3, 1921, and without any finding as to her sanity having been made, complainant was again placed in confinement in said hospital for the insane. By reason thereof she was broken in health and made weak in mind and memory and very nervous. On July 10, 1921, while she was confined in the hospital, Campbell, whom the complainant believed to be a duly

licensed attorney at law, accosted complainant and advised her that her release from the hospital could be accomplished by a writ of *habeas corpus*. Complainant gave said defendant a check for $41.10 to file a petition for such writ. A petition for writ of *habeas corpus* was filed in the circuit court of Cook county and the writ issued directed to the superintendent of the hospital. On the return day of such writ complainant was taken to Chicago. The petition for the writ was dismissed over her protest and she was taken by Campbell to her room in the city of Chicago and there held until September 3, 1921. Complainant was informed by Campbell that she must stay away from her home in Elgin and that if she returned there she would be arrested and confined in the hospital for the insane. Campbell took charge of all of complainant's personal property and effects in Elgin and made such sale and disposition thereof as she saw fit, contrary to the best interests and the expressed wishes and desires of complainant. All of the time Campbell kept pressing, urging and demanding that complainant sell and dispose of her home in Elgin, and threatened that she would be returned to the hospital for the insane if she refused to sell her home. Because of her weakened physical and mental condition, the fear and repugnance with which she viewed a return to the hospital for the insane and the duress to which she had been and was being subjected, she on August 2, 1921, executed a deed to her real property in Elgin to Avery but received no money or other consideration therefor. On September 3, 1921, Avery, to secure a purported indebtedness of $2000, executed a trust deed conveying the property to Glos. Complainant was informed and believed that Glos knew of the transactions by which his grantor secured title to the premises and lent his aid to the conspiracy to deprive complainant of her home. Avery, on or about August 6, 1921, contracted and agreed to convey the property to Grafton B. and Anna A. Harlan, who are related to Abbott, who signed the complaint of in-

sanity against complainant. Said defendants knew of the transactions by which Avery obtained title to the premises and lent their aid and assistance to the conspiracy to discredit complainant and deprive her of her home and reputation. On September 3, 1921, she was taken to the office of Avery by Campbell and compelled to execute a deed of trust to all her property to Campbell as trustee, with Avery as successor in trust. Thereafter complainant went to Canada and remained there about five months with her sister and became greatly improved in her physical and mental condition. She returned to Elgin and found her home occupied by Harlan and found that her personal effects had been entirely removed from her home. She asked Campbell and Avery for an accounting of the trust fund, which they refused, and on April 29, 1922, she caused to be filed in the circuit court of Cook county a bill asking for an accounting from Campbell and Avery of the trust fund and a decree was thereunder had granting an accounting, but the court, "entirely without jurisdiction so to do, compelled your oratrix to execute a general warranty deed dated November 8, 1922, and recorded January 30, 1925, * * * in the recorder's office of Kane county, Illinois, a true copy of which is hereto attached * * * and marked exhibit D." The bill alleged further that the transaction by which Avery secured title to the premises was fraudulent and complainant was compelled to enter into the same and received no consideration therefor; that Grafton B. and Anna A. Harlan knew of the circumstances surrounding the transaction and participated in the perpetration of the fraud upon complainant; that Abbott and the defendants committed the acts upon complainant with the purpose of discrediting her and compelling her to abandon her suit against Sherman and to give vent to their ill-feeling, revenge and spite against her by reason of the suit and conspired together to deprive her of her home. The prayer of the bill was that the deeds, trust deeds and contract of sale mentioned in the bill be set

aside and declared void and that defendants be required to account for the rents, issues and profits of the Elgin real estate. There were no copies of the deeds, trust deeds or contract of sale attached to the bill as exhibits.

The demurrer of Grafton B. and Anna A. Harlan was filed September 16, 1930. The ground of demurrer stated was, that "as to these defendants said bill of complaint prays that a certain deed of conveyance, which is set forth in said bill as complainant's exhibit D, be set aside and declared void, and it appears from said bill that said 'D' was made, executed and delivered by complainant in compliance with a decree of the circuit court of Cook county, Illinois, entered in said court on, to-wit, November 8, 1922, and it does not appear from said bill that said decree is not in full force at this time."

On November 14, 1930, Ina M. Campbell and George J. Avery entered their special appearance "for the sole and only purpose" of questioning the jurisdiction of the court as to the parties and subject matter and filed a special plea consisting of six "counts." In the first count it is alleged that the supposed cause of action set out in the bill is res adjudicata in the case filed by complainant in the circuit court of Cook county in which she asked for the same relief prayed for in the bill and received all the relief due her; that the supposed cause of action was also res adjudicata in the circuit court of Kane county in a case filed therein by complainant in which an order was entered on or about October 19, 1928, sustaining special pleas filed by Campbell and Avery and dismissing the cause, from which order complainant prayed and was allowed, but never perfected, an appeal, and to which no writ of error had been prosecuted by her within the period allowed by statute. In count 2 it is alleged that in the case in the circuit court of Cook county that court reserved unto itself, and still had, jurisdiction of the parties and subject matter of that case to carry out and enforce the provisions of its de-

cree. The other counts alleged that complainant had been guilty of *laches* and that the venue of the case was in Cook county, where defendants reside.

Complainant asked leave to file an amended bill but her application was denied, and on the same date on which the special plea was filed, and without issue having been joined on the plea, the court entered its decree, by which it sustained the demurrer of Grafton B. and Anna A. Harlan and the special plea of Campbell and Avery and dismissed the cause for want of jurisdiction.

The record is certified as complete and there is in it no certificate of evidence. There are no findings of fact in the decree. The demurrer of Grafton B. and Anna A. Harlan was not to the whole bill but only to that part of it that asked that the deed of November 8, 1922, which was filed for record January 30, 1925, and which the bill alleged complainant was "compelled" to execute by the circuit court of Cook county, be set aside. From the bill it did not appear what property was conveyed by that deed or who were the grantees therein. It did appear from the bill that said deed was executed pursuant to an order of the circuit court of Cook county, and the bill did not allege that that order had been set aside or reversed. While the bill alleged that the circuit court was without jurisdiction to order the deed executed, it did not allege any facts to show want of jurisdiction in that court for that purpose. There was no error, therefore, in sustaining the demurrer. Since the demurrer was to a part, only, of the bill, the result of its being sustained would not be the dismissal of the whole bill. The record shows that complainant, although she asked, was denied leave to amend her bill.

The plea filed by Campbell and Avery was one that required evidence to sustain it. Defendants say that in the absence of anything in the record to show that the court erred in sustaining the plea the presumption is that the action of the court was correct and the decree should be

affirmed, and cite *Alley* v. *McCabe,* 147 Ill. 410. That case was not a suit in equity but was an action at law, and there can be no question but that at law the rule is as stated by defendants, that everything will be presumed in favor of the correctness of rulings and decisions of the trial court until they are shown to be erroneous. (*City of Chicago* v. *Rosehill Cemetery Co.* 349 Ill. 619.) In proceedings in chancery, however, it is incumbent upon the party seeking to sustain a decree in his favor based on evidence, to preserve the evidence in the record in some proper form or to have incorporated in the decree findings of fact upon which the decree is based. (*Buettner* v. *Glos,* 240 Ill. 9; *Ohman* v. *Ohman,* 233 id. 632; *Village of Harlem* v. *Suburban Railroad Co.* 202 id. 301.) In a case where, after hearing, a bill in equity is dismissed for want of equity, the presumption is, in the absence of a certificate of evidence and findings in the decree, that the decree is correct. (*Dray* v. *Department of Public Works,* 332 Ill. 173.) This latter rule is but a corollary of the other, because a decree dismissing a bill for want of equity is the decree which the court would be bound to render in case of a total failure of evidence. *Jackson* v. *Sackett,* 146 Ill. 646; *Ryan* v. *Sanford,* 133 id. 291.

The decree entered in this case was not a decree dismissing complainant's bill for want of equity but was a decree sustaining the plea of defendants and dismissing the bill for want of jurisdiction. The bill on its face stated a good case for cognizance in a court of chancery. The prayer was that deeds and instruments relating to the title to real estate in Kane county, in which county the bill was filed, be set aside. The plea of defendants set up that the court should not hear and determine the case made by the bill because the matter was *res adjudicata* and because another court had in another case taken jurisdiction of the same subject matter. That was an affirmative plea which required evidence to sustain it. If such evidence was in-

troduced it was incumbent on defendants to preserve it or incorporate findings of fact in the decree to sustain the decree. They have not done so, and the decree must be reversed.

The decree is reversed and the cause is remanded to the circuit court, with directions that complainant be permitted to amend her bill if she be so advised.

*Reversed and remanded, with directions.*