Joseph Stout *et al.*

*v.*

Isaac Cook.

1. Jurisdiction in chancery, *when there is a remedy at law — at what time the objection may be taken.* If a defendant in chancery answers, and submits to the jurisdiction of the court, it is too late for him to object that the complainant has an adequate remedy at law.

2. This rule applies where the subject-matter of the bill belongs to that class over which a court of equity will always take jurisdiction when the relation of the parties to each other renders the exercise of such jurisdiction necessary.

3. So, where the bill is filed to quiet the title to a piece of land, and remove a cloud arising from a claim under a sheriff's sale, and that sale is void, the complainant, being out of possession, has his remedy at law; but the subject-matter being clearly within the cognizance of a court of equity, and the remedy at law only existing by reason of the complainant being out of possession, an objection to the jurisdiction in chancery upon that ground comes too late after answer to the bill.

4. But, where the subject-matter of the bill is wholly foreign to the jurisdiction of a court of chancery, as, for example, a claim of damages for slander, or for an assault and battery, the court may properly dismiss the cause at any stage of the proceedings.

Appeal from the Circuit Court of Will county; the Hon. Jesse O. Norton, Judge, presiding.

This case was originally heard at the April Term, 1865, when an opinion was delivered, which is reported in 37 Ill. 284. At the April Term, 1866, a rehearing was granted, upon grounds not presented or considered upon the former argument, and which are set forth in the opinion of the court.

Messrs. Leland & Blanchard, for the appellants.

Mr. W. T. Burgess, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

The opinion on the chief point in this case was delivered at a former term, and is reported in 37 Ill. 284. A rehearing was

afterward allowed on a question not specially presented to the court at that time, nor considered in the opinion, namely, the jurisdiction of the court of chancery in a case of this character. It is urged, that, as we hold the title derived under the sheriff's sale to be void, and as the complainants were not in possession, they might have brought an action of ejectment. This is true, and if this question had been presented in the court below, by demurrer or plea, or insisted upon in the answer, it would probably have been fatal to the bill. But this objection cannot be taken for the first time in this court. This point was thus ruled in the case of *Ohling* v. *Luitjens*, 32 Ill. 28. The same rule was laid down in *Kimball* v. *Walker*, 30 Ill. 503, with the further remark, that the court might nevertheless, for its own protection, and to prevent matters being drawn into the vortex of chancery at the pleasure of the parties interested, which were purely cognizable at law, interpose this objection at any time. What was meant by this remark was, that, if the subject-matter were of such character as to be wholly foreign to the jurisdiction of a court of chancery, as for example, a claim of damages for slander, or for an assault and battery, the court might properly dismiss the cause at any stage of the proceedings.

But if the subject-matter belongs to that class over which a court of equity will always take jurisdiction when the relation of the parties to each other renders the exercise of such jurisdiction necessary, the objection, that, in the case before the court, there was a complete remedy at law, comes too late after having filed an answer without taking the exception. The authorities on this point are fully cited in a note on page 574, vol. 1, of Daniel's Ch. Prac., 3d edition. Many cases are cited, and they fully establish the rule, and the qualification of it, which are stated in the note in the following language: "If a defendant in a suit in equity answers and submits to the jurisdiction of the court, it is too late for him to object that the plaintiff has an adequate remedy at law. This objection should be taken at the earliest opportunity. The above rule should be taken with the qualification, that it is competent for

the court to grant the relief sought, and that it has jurisdiction of the subject-matter."

In the case before us, the bill was filed to quiet the title to a piece of land and remove the cloud arising from a claim under a sheriff's sale. In the former opinion the court held the sheriff's sale void for uncertainty in the description of the premises. As the complainants were out of possession, they might have brought ejectment, but while they thus had a remedy at law, the subject-matter of the suit is a common head of equity jurisdiction, and as no objection on this point was taken in the court below it is now too late. If the complainants had been in possession of the premises there is no controversy but that they might have come into a court of chancery. The subject of the suit would have been the same then as now, the only difference being in the attitude of the parties toward each other. This subject-matter being clearly within the cognizance of a court of equity, the objection that there was also a remedy at law cannot be made for the first time in this court.

The decree of the court below must be affirmed.

*Decree affirmed.*