MARY DODGE *et al.*

*v.*

ALMIRA WRIGHT *et al.*

1. JURISDICTION IN CHANCERY—*remedy at law—waiver.* The objection by a defendant to a suit in chancery, that the complainant has a complete remedy at law, will be deemed to have been waived, where, after the proofs have been taken, he consents to a hearing upon the merits.

2. SAME—*objection must be insisted upon in the court below.* Such objection must be insisted upon in the court below, otherwise it will be considered as waived, in the appellate court.

3. LANDLORD AND TENANT—*relative to the act of 1865—requirements before declaring forfeiture of a lease.* The act of 1865 does not dispense with the common

law requirement of a demand of rent upon the premises before declaring a forfeiture of the lease.

4. Allegations and decree—*must correspond.* A complainant is not entitled to relief which is not sought for by his bill. And it is error for the court so to decree.

Writ of Error to the Superior Court of Chicago.

This was a bill in chancery, exhibited in the court below, by the defendants in error against the plaintiffs in error, to recover the possession of a certain house, No. 604, on North Clark street in the city of Chicago, alleged to have been purchased by them from the plaintiffs in error. On the hearing in the court below, a decree was entered in favor of the defendants in error, to reverse which, the record is brought to this court by writ of error.

Messrs. Knowlton & Jamieson, for the plaintiffs in error.

Messrs. Mather, Taft & Wheeler, for the defendants in error.

Mr. Justice Lawrence delivered the opinion of the Court:

The decree in this case commences with the following recital: "This cause came on to be heard at first upon a general demurrer for want of equity, and upon a motion to dissolve the injunction issued therein; and thereupon, on a suggestion made by the counsel for complainants, that having taken, as they declared, all the testimony they desired to take, they were ready and prepared to argue finally and on the merits; thereupon the counsel for said defendants assented to the proposition, and the arguments proceeded upon the whole merits of the cause, after which, being heard and considered by the court, the following decree was made and entered on the 7th day of August, A. D. 1866."

We must regard this as effectually disposing of the point chiefly pressed in the argument of counsel for plaintiffs in error, namely, that the complainants had a complete remedy at law. They undoubtedly had, but that objection was waived by the defendants. As appears from the foregoing extract from the record, they did not ask a decision upon the demurrer or motion to dissolve, but consented, after the evidence had been taken, to a hearing upon the merits. We have several times held that, except in those cases where the subject matter is wholly foreign to the jurisdiction of a court of chancery, and incapable of being properly brought before it even by consent, the objection that there is an adequate remedy at law must be insisted upon in the circuit court, and if not, it will be considered as waived when the record is brought here. *Stout* v. *Cook*, 41 Ill. 447.

The question whether the lease had been forfeited, thereby rendering the complainant liable to an action of forcible entry and detainer, has also been settled by this court in the case of *Chadwick* v. *Parker*, 44 Ill. 326. It was there held that the act of 1865, upon which the plaintiffs in error rely, does not dispense with the common law requirement of a demand of rent upon the premises before declaring a forfeiture of the lease. In the present instance it is not pretended that such demand had been made.

These are the points to which the counsel for plaintiffs in error have chiefly addressed themselves. The finding of the decree, in regard to the house known as number 604, we consider sustained by the evidence, but upon what grounds the decree undertakes to define and declare the rights of the parties as to the houses numbered 602 and $600\frac{1}{2}$, we are at a loss to determine. Those houses are not even mentioned in the bill, and whatever may have been the proof in regard to the payment for them, the complainant sought no relief in regard to them in his bill, and is, therefore, entitled to none, not even to a declaration of his equities to be in future conclusive upon

the parties. That part of the decree relating to these two houses will be reversed, but the decree in other respects is affirmed. The plaintiffs in error will be permitted to withdraw from the clerk of the superior court the two quarters' rent paid to him, and the costs of this court will be taxed against the defendants in error.

The case is remanded.

*Decree modified.*