Ephraim C. Creamer v. George James and J. A. Flanigan, partners, etc.

1. FRAUD—*when relief against, may be had at law.* Where a trade of real estate for a worthless and fictitious consideration has been induced by fraud, a remedy at law exists.

2. DEMURRER—*when, deemed waived.* Notwithstanding a demurrer to a bill in equity should have been sustained upon the ground that there was a complete remedy at law, yet where it was overruled and the defendant has answered he thereby waives his demurrer and cannot thereafter be heard to object on the ground that a remedy at law exists unless the subject-matter of the bill is wholly foreign to a court of equity.

Bill in equity based upon allegations of fraud. Appeal from the Circuit Court of Champaign County; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the May term, 1904. Reversed and remanded with directions. Opinion filed October 14, 1904.

W. A. PERKINS, for appellant.

J. S. WOLFE, for appellees.

MR. JUSTICE GEST delivered the opinion of the court.

This bill in substance alleges that the complainants, James and Flanigan, were partners in the real estate business in Champaign; that on May 10, 1897, Charles H. Glover was the owner of lot 23 in an addition to Champaign, of the value of $1,300; that Creamer had what purported to be a mortgage on 640 acres of land in the State of Tennessee and a note secured thereby for the sum of $1,000, made by one Schultz, and requested complainants to trade said note and mortgage to Glover for his said lot, and that they did effect such a trade, whereby Glover deeded the lot to Creamer and Creamer turned over the note and mortgage to Glover and paid Glover $300 in cash; that Creamer represented to complainants that the note and mortgage were good and worth their full face, and that they, relying on his representations, so represented to Glover; that in fact the note and mortgage were fictitious and worthless; that they relied upon the statements of Creamer that the same

were good and induced Glover so to believe; that Glover sued complainants at law, by reason of their said representations, and obtained a verdict against them for $1,100, which verdict was set aside and a new trial allowed; that they then notified Creamer to defend said suit at law but he paid no attention to it and thereafter complainants upon the advice of counsel finally settled said suit and paid Glover $550 in settlement thereof. The bill prays that Creamer may be adjudged to hold said lot in trust for the use of complainants, and that the same may be sold to reimburse complainants for the said sum which they paid to settle the suit of Glover against them, and that they be subrogated to all the rights of Glover therein or that the conveyance from Glover to Creamer be set aside, and the title to the lot vested in complainants, or that a decree be entered for the amount due complainants from defendant, and for general relief. The defendant demurred to the bill for want of equity, and upon the ground that the remedy, if any, was at law; the court overruled the demurrer and defendant thereupon answered the bill admitting that he bought the lot from Glover, paying him $50 cash, giving him two notes for $150 each and a note and mortgage for $1,000 on lands in Tennessee and denying all other statements in the bill. The cause was referred to a master who took the proof and reported the same and his findings thereon, and the court, after overruling the defendant's exceptions to the report, entered a decree that defendant Creamer pay to the complainants the said sum of $550, paid by them to Glover, with interest, to wit, the sum of $625.61, within thirty days, and that in default thereof execution issue therefor.

Unquestionably the demurrer should have been sustained to the bill, but defendant, having answered, waived his demurrer and cannot now be heard to object on that ground unless the subject-matter of the bill be wholly foreign to the jurisdiction of a court of equity. Dodge v. Wright, 48 Ill. 382; Stout v. Cook, 41 Ill. 447.

Fraudulent transactions are common subjects of cogni-

zance by courts of equity, so that it cannot be said that the subject-matter of this bill is wholly beyond the scope of equitable consideration and therefore we do not reverse the decree upon that ground. We have read the abstract with care and are wholly unable to find proof upon which this decree can be permitted to stand. The bill should have been dismissed on the hearing for want of equity. The decree will be reversed and the cause remanded with directions to dismiss the bill at the costs of complainants.

*Reversed and remanded with directions.*