F. LOUIS HILL, *et al.* Defendants in Error, *vs.* ST. LOUIS AND NORTHEASTERN RAILWAY COMPANY, Plaintiff in Error.

*Opinion filed December 22, 1909—Rehearing denied Feb. 3, 1910.*

1. INJUNCTION—*equity cannot enjoin operation of railroad in city streets at suit of abutting owner.* Where a railroad company is authorized by a city to operate its railroad upon a public street, the fee of which is in the city, a court of equity is without power to enjoin the operation of such railroad at the suit of abutting owners, either upon the ground that the company is violating the ordinance granting its rights or that the resolution or ordinance under which the company is operating is void.

2. JURISDICTION—*jurisdiction of the subject matter cannot be waived.* If the subject matter of a suit is wholly foreign to equity jurisdiction the court cannot grant relief although the defendant submits to the jurisdiction of the court; but if the suit is one in which equity may take jurisdiction if certain conditions exist, an objection that there is an adequate remedy at law must be urged at the earliest possible moment or it is waived.

3. SAME—*when objection that complainants have no right to sue is not waived.* If the complainants in a bill for an injunction have no such interest in the subject matter of the suit as entitles them to maintain the bill, the fact that the defendant goes to trial upon the merits and makes no objection that there was an adequate remedy at law does not waive the right of the defendant to insist, on appeal, that the complainants had no right to sue.

4. RAILROADS—*who may maintain suit to enjoin operation of a railroad.* If a railroad company is authorized by a city to operate its railroad upon a public street, the fee of which is in the city, any right there may be to file a bill to enjoin the operation of the railroad upon the ground that the company is violating the ordinance or that the ordinance is void is in the public, acting through the State's attorney, Attorney General or the city.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. CHARLES T. MOORE, Judge, presiding.

This was a bill in chancery filed in the circuit court of Madison county by F. Louis Hill and nineteen other persons owning real estate abutting upon Hillsboro avenue, in the city of Edwardsville, against the St. Louis and Northeastern Railway Company, for an injunction to restrain the defendant from hauling freight in car-load lots upon Hillsboro avenue, in said city. After a demurrer was overruled to the bill an answer and replication were filed, a trial was had before the court, and a decree was entered granting a perpetual injunction restraining the defendant from transporting over said Hillsboro avenue freight of any kind or character, except such freight as is transported by express companies, and then only in regular passenger cars or cars resembling passenger cars. The court having certified that the public interest required that the validity of the municipal ordinances hereinafter referred to should be passed upon by this court, the defendant has sued out a writ of error from this court to review said decree.

It appears from the record that the plaintiff in error is a corporation organized under the general Railroad act of this State; that the city council of the city of Edwardsville, on the second day of August, 1904, passed an ordinance known as ordinance No. 184, authorizing the St. Louis and Springfield Railway Company, its successors and assigns, to whose rights the plaintiff in error has succeeded, to construct an interurban railroad through said city of Edwardsville, which, in part, was to pass over Hills-

boro avenue, in said city, the requisite number of abutting owners upon Hillsboro avenue having given the statutory consent to the passage of said ordinance; that section 2 of said ordinance reads as follows: "It is expressly provided that no freight of any kind or character shall be transported in any interurban cars, except such freight as is transported by express companies. The cars in which such freight is transported shall be either the regular passenger cars of said interurban railway or cars resembling such passenger cars in appearance, as nearly as practicable;" that in pursuance of the terms of said ordinance the railroad tracks of the plaintiff in error were laid in Hillsboro avenue and it was operating cars upon said tracks; that after the passage of ordinance No. 184 the city council passed a resolution permitting plaintiff in error for a limited time to haul all classes of freight cars, except hogs in stock cars and cars containing explosives, such as dynamite and nitroglycerin, over its tracks passing through the city of Edwardsville, and that on the 23d day of July, 1906, the city council passed an ordinance known as No. 235, whereby section 2 of ordinance No. 184 was amended by adding thereto the following: "*Provided, however,* that between the hours of ten o'clock at night and six o'clock in the morning the said railway company, its successors and assigns, may have the right to haul materials and freight of a general character and bulk over and upon the streets named in section 1 of said ordinance No. 184 for the construction and operation of the line of railway of the St. Louis and Northeastern Railway Company, including its power plant and the power plant of the Edwardsville Light and Power Company, and their respective successors and assigns, and for such other public gas, heating and light or power plants as have been heretofore authorized by the city of Edwardsville, that may be located and operated within the city limits of the city of Edwardsville, Illinois." It also appears that the defendants in error have

not given the statutory consent to the passage of any ordinance for the construction of an interurban railroad in Hillsboro avenue since the passage of ordinance No. 184. It further appears that subsequent to the passage of said resolution and ordinance No. 235 the plaintiff in error has been hauling, during the night time, freight in car-load lots over its tracks located in Hillsboro avenue. The position of the defendants in error is that said resolution and said ordinance No. 235 are void, and that the plaintiff in error was unlawfully hauling freight cars over its tracks located in Hillsboro avenue, which was a residence street, in violation of the terms of ordinance No. 184, and that it should be enjoined, at their suit, from so doing.

C. W. TERRY, (H. M. STEELY, and GEORGE W. BURTON, of counsel,) for plaintiff in error:

The owner of an abutting lot cannot prevent the use of a street for a railway when such use is permitted by the city. A court of equity will not entertain a bill to restrain the operation of such road but will leave him to his remedy at law. *Stetson* v. *Railroad Co.* 75 Ill. 75; *Railroad Co.* v. *Schertz,* 84 id. 135; *Doane* v. *Railroad Co.* 165 id. 510; *McWethy* v. *Electric Light Co.* 202 id. 218; *Attorney General* v. *Newberry Library,* 150 id. 229; *Hunt* v. *Railway Co.* 121 id. 638.

The fee of all streets is presumed to be in the city. *Chester* v. *Railroad Co.* 182 Ill. 386.

The city council is supreme with reference to the control of its streets, including the use thereof by railroad companies. *Railroad Co.* v. *People,* 92 Ill. 170; *Railroad Co.* v. *People,* 91 id. 251; *Lumber Co.* v. *Cicero,* 176 id. 9.

The provision requiring consent of property owners operates as a restriction upon the authority of cities rather than to confer any new property right upon abutting property owners. *Doane* v. *Railroad Co.* 165 Ill. 524.

Ordinances granted by a city to a railroad company are amendable. *Tudor* v. *Railroad Co.* 164 Ill. 73.

If requisite consent is not given, the ordinance may be treated as illegal, (in a suit for damages,) which would authorize an action on behalf of the public but would give the abutting owner no right to relief in a court of equity. *Doane* v. *Railroad Co.* 165 Ill. 525.

An abutting owner does not represent the public. His only right of action in a case of this character is for an injury special and peculiar to himself, and is at law. *Stewart* v. *Railway Co.* 166 Ill. 63.

The Attorney General is the only proper representative of the public, and in suitable cases bills may be maintained by him to protect public interests. *Attorney General* v. *Newberry Library,* 150 Ill. 229; *Hunt* v. *Railway Co.* 121 id. 638.

Courts will refuse to interfere, by way of injunction, in the use of streets where the thing enjoined is not a nuisance *per se* but something which may or may not be, according to circumstances. In such case an injunction will not be allowed until the matter has been determined by a jury. High on Injunctions, (3d ed.) sec. 817; *Dunning* v. *Aurora,* 40 Ill. 481; *Lake View* v. *Letz,* 44 id. 81.

E. B. GLASS, E. G. HILL, and C. H. BURTON, for defendants in error:

If the allegations of the bill and the relief sought are within the range of equity jurisdiction, the question of adequate remedy at law must be raised by the pleadings in the trial court. *Railway Co.* v. *Munsell,* 192 Ill. 430; *Law* v. *Ware,* 238 id. 360.

When a railroad company lays a track in a street, having but the right to construct and maintain a track for passenger cars only, the city has no power afterwards to grant the use of the track for the operation of freight cars upon it except upon a petition of property owners upon the

street, as named in the statute. *McCartney* v. *Railroad Co.* 112 Ill. 611.

The power of the city council was exhausted after the passage of ordinance No. 184, and it could not legally pass an amendment to the same or any other ordinance or resolution which enlarges the power granted under ordinance No. 184, except upon a new petition of property owners upon the street, under the statute. *Vennum* v. *Milford,* 202 Ill. 423; *Wilder* v. *Traction Co.* 216 id. 493; *McCartney* v. *Railroad Co.* 112 id. 611.

Equity has jurisdiction to grant an injunction to prevent irreparable mischief and that continuous and vexatious litigation which arises out of the resort to the remedies afforded at law, and to prevent a multiplicity of suits. *Green* v. *Oakes,* 17 Ill. 251.

The objection that the People are not the nominal complainants was waived when the plaintiff in error answered the bill and did not raise the question by proper pleading. *Scott* v. *Artman,* 237 Ill. 394; *Parkhurst* v. *Underwriters,* 237 id. 492; *People* v. *O'Connor,* 239 id. 277.

Mr. JUSTICE HAND delivered the opinion of the court:

The first question which arises for consideration in this case is, has a court of equity power, upon a bill filed by an abutting owner, to enjoin a railroad company from operating its railroad in a public street of a city, the title to which is in the city, where the railroad company has been granted power by the city council to operate its road in said street, on the ground that the railroad is violating the ordinance under which it has been authorized to construct and operate its road, or on the ground that the resolution or ordinance under which the road was constructed and operated is void?

This court has repeatedly held that an injunction will not be granted at the suit of an abutting property owner to restrain the construction or operation of a railroad in

a street of a city which has been authorized by the city council. *Moses* v. *Pittsburgh, Fort Wayne and Chicago Railroad Co.* 21 Ill. 515; *Murphy* v. *City of Chicago,* 29 id. 279; *Stetson* v. *Chicago and Evanston Railroad Co.* 75 id. 74; *Patterson* v. *Chicago, Danville and Vincennes Railroad Co.* id. 588; *Chicago, Burlington and Quincy Railroad Co.* v. *McGinnis,* 79 id. 269; *Peoria and Rock Island Railway Co.* v. *Schertz,* 84 id. 135; *Penn Mutual Life Insurance Co.* v. *Heiss,* 141 id. 35; *Corcoran* v. *Chicago, Madison and Northern Railroad Co.* 149 id. 291; *White* v. *Metropolitan West Side Elevated Railroad Co.* 154 id. 620; *Doane* v. *Lake Street Elevated Railroad Co.* 165 id. 510; *Stewart* v. *Chicago General Street Railway Co.* 166 id. 61.

In *Chicago, Burlington and Quincy Railroad Co.* v. *West Chicago Street Railroad Co.* 156 Ill. 255, on page 273, the court said: "Where the fee of the street is in the city, such damages as the abutting owner may suffer from the laying of a railroad track in the street are merely consequential, so far, at least, as they affect the property abutting on the street. In such case, as there is no physical taking of the land, injunction will not lie to enjoin the taking, the remedy being an action at law for damages."

In *Doane* v. *Lake Street Elevated Railroad Co. supra,* the court said (p. 519): "The real ground upon which relief by injunction is denied in such cases is, that the use of the street being within the purposes for which it is laid out, and therefore a proper use, the right to occupy is properly a question between the defendant and the municipality having the control of its streets and charged with the duty of keeping them free from unlawful obstructions, or between the defendant and the public generally, the individual being left to his action for damages for any injury resulting to his property. He has no standing in equity on account of public injury or for the purpose of inflicting punishment upon the defendant for its wrongful acts. He

can only invoke that jurisdiction in order to protect his property from threatened injury. His injury is a depreciation of the property, which is capable of being estimated in money and recoverable in an action at law, therefore a court of equity will not interfere by injunction."

In *Stewart* v. *Chicago General Street Railway Co. supra,* it was said (p. 63): "This court held in *Doane* v. *Lake Street Elevated Railroad Co.* 165 Ill. 510, that an abutting lot owner on a street had no such an interest in the street that he could maintain a bill for injunction against the use of the street by a street railroad company, where such use was authorized by an ordinance." It is also held that where the use of the street has not been legally authorized by the city, the suit for an injunction to restrain its use by the railroad company should be brought by the Attorney General or State's attorney or by the city.

In *Doane* v. *Lake Street Elevated Railroad Co. supra,* on page 521, it was said: "Where the use of the street has not been legally authorized, as held in *McCartney* v. *Chicago and Evanston Railroad Co.* 112 Ill. 611, *Hunt* v. *Horse and Dummy Railway Co.* 121 id. 638, *Chicago, Burlington and Quincy Railway Co.* v. *City of Quincy,* 136 id. 489, and *Metropolitan City Railway Co.* v. *City of Chicago,* 96 id. 620, an information in chancery by the Attorney General or State's attorney on behalf of the People, or, as in the last named case, a bill for injunction by the city, affords a proper and complete remedy. If, as contended, the abutting owner can also maintain a bill on the same ground,—that is, that the building of the road is without the valid consent of the city,—then the language in the *Patterson case,* 'and any such excess of authority in the use of a street as is here claimed must be left to be redressed by the public authority,' must be overruled and the authorities above cited as to the remedy by the Attorney General or city qualified. If a railroad is legally authorized no one can enjoin its construction. In other words,

it is only when the consent of the city has not been lawfully obtained that any one can complain in a court of equity, and, therefore, when it is said 'the remedy is by the public authorities, the abutting property holder being remitted to his action at law for damages,' cases in which the work is unlawful must be contemplated, and such is clearly the force of the *Patterson case, supra.* This doctrine is recognized again in the *Corcoran case, supra.* In the *Schertz case, supra,* the ordinance authorized the laying of a track along a street on condition that the consent of property owners on the opposite side of the street should first be obtained, but the company proceeded with the work without complying with that condition, and a bill for injunction by an abutting property holder was filed. As shown by the bill in that case, the defendant was proceeding illegally and certainly without the consent of the city, and the question was directly brought to the attention of the court, as appears from the dissenting opinion there filed, but the relief was denied."

It is clear, therefore, that the defendants in error can not maintain their bill in this case, unless, as contended by the defendants in error, the plaintiff in error has waived its right to raise that question.

The question that the defendants in error had an adequate remedy at law was not specifically raised by the plaintiff in error in either the demurrer or the answer, and it is said that question cannot now be raised and that this court can only review this case upon the evidence. This court has repeatedly held that if the subject matter of a bill in chancery is so far foreign to the jurisdiction of a court of chancery that the court is incompetent to grant the relief sought the court should refuse to take jurisdiction of the case, even though the defendant has submitted himself to the jurisdiction of the court. If, however, the subject matter belongs to that class of cases of which a court of chancery will take jurisdiction when the facts create some equi-

table right or the relation of the parties renders the exercise of such jurisdiction proper, an objection that there is an adequate remedy at law should be made at the earliest opportunity or the fact that the complainant has an adequate remedy at law will be deemed to have been waived. (*Stout* v. *Cook,* 41 Ill. 447; *Crawford* v. *Schmitz,* 139 id. 564; *Law* v. *Ware,* 238 id. 360.) In the case at bar there are two reasons why a court of chancery has no jurisdiction: First, the complainants have an adequate remedy at law; and secondly, the complainants have not such an interest in the subject matter of the litigation as to enable them to maintain their bill. The streets of the city of Edwardsville are under the control of the city authorities, and the only right of action which the complainants have against the defendant, if any, is an action on the case for consequential damages, and in no event can they file a bill for an injunction to prevent the use of the streets of the city by the plaintiff in error, as that right rests in the Attorney General, State's attorney or the city. If it be conceded that if the complainants had filed a bill in chancery against the defendant to recover damages for an injury to their property as abutting owners, and the defendant had not raised the question that the complainants had an adequate remedy at law in an action on the case for damages and the case had gone to trial upon the merits, the question that the complainants had an adequate remedy at law would be deemed to have been waived, still the fact that the defendant went to trial upon the merits would not be deemed to have conferred a right to file a bill for an injunction upon the complainants when no such right existed in them. The right to file such bill, if at all, is in the public, acting through the Attorney General, the State's attorney or the city. *Patterson* v. *Chicago, Danville and Vincennes Railroad Co. supra; McCartney* v. *Chicago and Evanston Railroad Co.* 112 Ill. 611; *Hunt* v. *Chicago Horse and Dummy Railway Co.* 121 id. 638; *Chicago, Burlington and Quincy*

243—23

*Railroad Co.* v. *City of Quincy,* 136 id. 489; *Metropolitan City Railway Co.* v. *City of Chicago,* 96 id. 620; *Doane* v. *Lake Street Elevated Railroad Co. supra.*

If the complainants were permitted to control the operation of the defendant's railroad in the streets of the city of Edwardsville by injunction, they would be, in effect, superseding the mayor and city council of that city in the duties conferred upon them by the statute as to the control of the streets of that city. In *Chicago Telephone Co.* v. *Northwestern Telephone Co.* 199 Ill. 324, on page 347, it was said: "An obstruction in the nature of a public improvement, placed in the streets of a city by the permission of the city, either express or implied, is strictly a matter between the city and the private corporation constructing the improvement, so that any action to test the right to so obstruct the street should be brought by the city or by some public officer on behalf of the city." In *Chicago General Railway Co.* v. *Chicago, Burlington and Quincy Railroad Co.* 181 Ill. 605, on page 610, it is said: "It is well settled that where the obstruction to a street does not result in any special damage to the individual he has no right to complain, but the proceeding for the removal of the obstruction must be by or on behalf of the public. In such case the public alone can complain. The individual can only file a bill for injunction against the obstruction of a public highway when it is shown that he will suffer special damage different in degree and kind from that suffered by the public at large."

We think, therefore, it cannot be said that the defendant has waived its right to insist that the complainants can not maintain this suit. If it were held that every abutting owner upon a railroad, or all the abutting owners upon a street upon which a line of railroad is laid, could file a bill to test the legality of the company's right to operate its road in a street, the building of railroads through a village or a city upon its streets could be stopped at any time by

one abutting owner or by their action jointly, and when that case was decided another suit by an adjoining abutter could be commenced and the building of railroads thereby rendered impracticable. As was said in the *Doane case,* on page 522: "While * * * the private owner is entitled to have all his property rights fully protected, that right should be accorded him, if possible, by a remedy which will not unnecessarily injure others and render impossible the construction and operation of necessary facilities for public travel. A moment's reflection will, we think, convince anyone that if every abutting owner not consenting may enjoin street railway companies from building their lines in streets upon the ground that the consent of the city has not been legally obtained, because of facts alleged which do not appear upon the face of the proceedings, the building and operation of all such lines will become practically impossible. In a case like this the work would necessarily be stopped until titles to abutting property could be adjudicated and settled, the powers of agents, etc., determined and the motives which may have prompted owners to give their consent inquired into; and after this had been done, which, in the ordinary course of litigation, would require many months or even years of time, if the facts should be found in favor of the validity of the ordinance the work could proceed as to this complainant, he still being entitled to his action for damages. The decision, however, would settle the validity of the ordinance between him and the defendant and no one else. Any number of other owners might, in succession, procure injunctions on the same or similar grounds and prosecute them to a like final determination. Manifestly, neither persons nor corporations would hazard capital in an enterprise subject to such uncertainty and delay. There is a certain, adequate and complete remedy at the suit of the public whenever there is a threatened or actual unlawful obstruction of the streets and highways, and, as we think, an equally certain, adequate and conclu-

sive remedy to the abutting owner for all his damages, present and prospective."

From a careful examination of this record we are of the opinion the decree of the circuit court is not in harmony with the settled rules of law as announced in the former adjudications of this court. The decree of the circuit court will therefore be reversed and the cause will be remanded to that court, with directions to dismiss the bill.

*Reversed and remanded, with directions.*