The decree is therefore affirmed.

*Affirmed.*

Van R. St. John et al., Appellees, v. President and Trustees of Village of North Utica, Appellants.

Gen. No. 5246.

1. STREETS—*what use unlawful.* Village authorities have no power to authorize the use of the public streets of a village by a private amusement company for the purpose of there holding a carnival and street fair.

2. NUISANCES—*what constitute.* Tents, booths, platforms, etc. erected in a public street under the paper license of the village authorities constitute a nuisance *per se.*

3. INJUNCTIONS—*what essential to propriety at instance of private individual to restrain obstruction of public street.* A court of equity will not interpose to prevent the obstruction of a public street at the suit of a private individual, unless such obstruction works especial injury to the individual who files the bill.

4. INJUNCTIONS—*when objection to lack of interest in complainant comes too late.* In a proceeding to enjoin the obstruction of a public street, an objection that the complainants did not show by their bill that they would be especially injured by the use of such streets comes too late when first urged on appeal.

5. INJUNCTIONS—*when formal approval of bond not essential to validity.* If the bond given upon the grant of an injunction is in form and substance that required by the court, his action in failing formally to approve the same will not require a dissolution of the injunction. The order refusing to dissolve the injunction upon such ground operates as an approval of the bond as given.

6. INJUNCTIONS—*when party not injured by.* A party cannot be deemed to have been injured if he has been restrained from the doing of an act which he asserts upon motion to dissolve he never in fact intended to do.

7. INJUNCTIONS—*when technical objections come too late.* Technical defects, such as the form of the prayer and the scope of the injunction as compared with the prayer, come too late if first raised on appeal.

8. APPEALS AND ERRORS—*assignments of error; when waived.* Failure to argue an assignment of error in the opening brief operates to waive the same, and its urging in the reply brief may be disregarded.

9. APPEALS AND ERRORS—*when order as to costs not subject to review.* If after an appeal from an order denying a motion to dissolve an injunction has been granted an order with respect to payment of costs is made, the propriety of such order cannot be determined on the hearing of the appeal so previously perfected.

Bill in equity. Appeal from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1910. Affirmed. Opinion filed October 18, 1910.

JAMES J. CONWAY, for appellants.

SNOW & HAIGHT, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

On July 3, 1909, Van R. St. John and others, appellees herein, filed their bill in equity against the president and board of trustees of the village of North Utica in LaSalle county, wherein they alleged that they were residents and taxpayers of said village, and that at a meeting of said board of trustees, held on June 30, 1909, a resolution was passed, giving consent to a company called the Goodell Carnival Show to hold and carry on in and upon the public streets of said village a carnival and street fair for the period of one week, beginning with July 5, 1909; that notices of said fair had already been posted; that said company, unless enjoined, would occupy the public streets of the village with tents, booths, platforms, and other structures, beginning July 5 and continuing for one week, and that the same would be a nuisance and a perversion of the use of the streets of said village and would consist of many noisy and distracting

exhibitions which would seriously obstruct travel upon the streets, and would tend to frighten horses driven upon the streets; and upon information, that some of the shows were immoral and degrading; that the show would be attended with imminent danger to the lives and limbs of people present, and the village would be legally liable for any injury occurring therefrom; and that said president and board of trustees had no lawful authority to permit said carnival or street fair to occupy the streets of the village. An injunction was prayed for. An apparent *fac simile* of the posted notice was an exhibit to the bill. It was in large red type and the principal part read: "Goodell's Shows, Street Fair & Carnival. One big week commencing July 5th. Utica." On July 2 a copy of the bill was served upon the clerk of the village board, with a notice of the application for the injunction. When the application was heard, the attorney for the village was present, and made no objection, but asked for a large bond. An injunction was issued and served on July 3, restraining the president and board of trustees "from permitting or allowing the Goodell Carnival Show or Company from occupying or possessing any portion of any of the streets of the said village of North Utica for the purpose of exhibiting any of their shows thereon" till the further order of the court. The order of the court granting the injunction required as a preliminary that St. John give a bond conditioned according to law in the sum of $500 with two sureties named, and running to the president and board of trustees of said village. Such bond was filed. On the same day the president and trustees of the village filed an answer, and on July 6 they made a motion to dissolve the injunction. That motion was heard upon the pleadings and oral evidence and one or more affidavits, and was denied. The president and board of trustees prayed an appeal to this court, which was granted, and a certificate of evidence was filed and the record is now before us.

The village authorities had no power to authorize the use of the streets for the carnival and street fair; such occupancy of the streets for that purpose would have been unlawful;

and the tents, booths, platforms, and other structures, if placed in the streets, would have been a nuisance *per se*. Van Cleef v. City of Chicago, 240 Ill. 318. A court of equity will not interpose to prevent the obstruction of a public street at the suit of a private individual, unless such obstruction works especial injury to the individual who files the bill. Hamilton v. Semet-Solvay Co., 227 Ill. 501; Guttery v. Glenn, 201 Ill. 275; Chicago General Railway Co. v. C. B. & Q. Ry Co., 181 Ill. 605. Appellants contend that appellees did not show by their bill that they would be specially injured by the use of the streets of North Utica by this street fair and carnival, and therefore the court should have dissolved the injunction. This point should have been raised in the court below, so that appellees would have had an opportunity to amend their bill and set up the special injury to themselves, if any there was likely to be, or to apply to the Attorney-General or to the State's Attorney to become a complainant. Instead, appellants answered, denying that they had granted permission to hold the fair upon the streets, and alleging that the permission which they granted was to hold the fair upon private property, and that the Goodell Show Company had no intention of holding said fair upon the public streets, but only on private property. The motion to dissolve the injunction was heard upon the issue whether permission had been granted to hold the show upon the streets, and whether it had been intended that the show should be held upon the streets. We are of opinion that appellants should not be permitted to raise in this court for the first time an objection which it may well be could have been obviated by an amendment to the bill or by the addition of a proper public officer as a complainant, if the point had been raised in the court below. Appellants call attention to Hill v. St. L. & N. E. Ry. Co., 243 Ill. 344, where the fact that defendant did not set up in the circuit court that complainants had not alleged the absence of an adequate remedy at law for the obstruction of a street did not prevent defendant from raising that point on appeal. The use of the street there resisted was within the purpose for which it was laid out,

508     APPELLATE COURTS OF ILLINOIS.

St. John v. President & Trustees of N. Utica, 157 Ill. App. 504.

and therefore a proper use, and the only injury to which complainant's property could be subjected by that use was capable of being estimated in money and was recoverable at law. The use of the street here resisted was one which the village could not lawfully grant, but which would have been a nuisance *per se*; and the village, and through it the taxpayers, including appellees, might have been liable for damages resulting therefrom. Van Cleef v. City of Chicago, *supra*. Equity had power to enjoin such nuisance in a proper case, and the objection under consideration is only that appellees did not sufficiently state that they would be specially injured, or did not cause the bill to be filed in the name of the Attorney-General or of the State's Attorney. Upon that point appellees should have been given an opportunity to amend in the court below. Town of Scott v. Artman, 237 Ill. 394.

Upon the hearing of the motion appellants read in evidence an affidavit by the manager of the Goodell Shows, in which he stated that he had intended to hold the show upon private property, and that the poster called it a street fair because they often gave their shows in streets and had but one form of poster; that he was present at the meeting of the village board on June 30, 1909, and that the village board did not authorize this carnival to be given on the public streets, but did authorize the exhibition of this show in the village, with the understanding that it would be on private property. Appellants also proved that the injunction bond was filed by the clerk without an endorsement thereon of approval. As to the bond, it was signed by the sureties named in the order for the injunction, and, while it may be that the court should have entered an order approving the bond as to its form, yet it is not suggested that the bond is in any respect informal, and the refusal of the court to dissolve the injunction was a virtual approval of the form of the bond. As to the proofs up to the point just stated, the situation was this: Appellants were insisting and attempting to prove that the village had no intention of permitting the show to be held upon the streets and that the carnival

company had no intention of holding the show on the streets. If this was absolutely true, then the injunction did no harm. On the other hand, the resolution which the village board adopted was at least ambiguous, and the posted notices said it was a street fair. The order appealed from was made on July 10, and the time fixed for the carnival had one or two more days to run. We are of opinion that it was originally intended and agreed that the carnival should be held in the streets, and also that appellants cannot be heard to say that the continuance of the injunction in force for the one or two remaining days fixed for the carnival could injure them when they were insisting that they had no intention of permitting it to be held in the streets. After the court had announced that the motion to dissolve was denied, one of appellees' solicitors said that he wanted the certificate of evidence to show that the affidavits which they had prepared and which had not been read to the court were in evidence and as considered by the court. The solicitor for appellants said that he objected to their appearing, as they had not been heard by the court. The court said: "It may so appear." We cannot know whether this meant that the certificate of evidence might show the affidavits as considered by the court or that the certificate should make it appear that they had not been heard by the court. No further action was taken by the court, but appellant have embodied these affidavits in the certificate of evidence. From these affidavits it appears that during the preceding week, the Goodell Carnival Shows had been exhibited in the streets of the city of Marseilles in said county, in five large tents and with a large number of booths and refreshment stands; that said Carnival Company shipped its shows to Utica on Sunday morning, July 4th, and on the same night reshipped them to Depue in Bureau county, where they were given during the week covered by this injunction, and where they were still being exhibited when the motion to dissolve was denied. Many other facts are stated in the affidavits tending to show that the street fair men had planned to erect this show in the streets of North Utica. They left Utica on July 4th either because they had intended to give the show in the streets of

the village or else because they could not lease private property on which to place it.

Several technical defects are suggested in the form of the prayer of the bill, and also that the injunction is not as broad as the prayer of the bill. It does not appear that these matters were raised in the court below. The questions argued here seem to be chiefly academic. The time for which. the street fair was advertised and for which the bill sought to enjoin it from being held in the streets has long since passed, and appellants insist that they never intended it should be held in the streets. On their own theory appellants have not been injured by the injunction or by the refusal to dissolve it.

After the court had denied the motion to dissolve the injunction and the village had prayed an appeal to this court from that order and that appeal had been granted, and the appeal had thereby been completed and perfected, the court further ordered that the village pay the costs. No appeal was prayed from the order as to costs, but appellants assign error thereon. That supposed error was not argued in appellants' opening brief and it was therefore waived. Moreover, we conclude that it was not brought before us by the prior appeal from the order denying the motion to dissolve the injunction.·

The order appealed from is affirmed.

*Affirmed.*