REBECCA PHILLIPS et al. Defendants in Error, *vs.* CHARLES D. BENFIELD, Plaintiff in Error.

*Opinion filed February 25, 1911.*

1. JURISDICTION—*when question of jurisdiction will be deemed to have been waived.* If the subject matter of a suit is such that a court of chancery may take jurisdiction if certain conditions exist and no objection is raised in the trial court that the complainant should seek relief in some other tribunal, the defendant will be deemed to have waived the question of jurisdiction.

2. SAME—*what does not show that the circuit court was wholly without jurisdiction.* The fact that the circuit court may not have jurisdiction in every case to enjoin the probate of a will does not show that such court was wholly without jurisdiction to enter a decree enjoining the defendant from causing a certain will to be probated, where the bill, as abstracted, does not show the grounds alleged for equitable relief, and it is not shown that the jurisdiction of the circuit court was questioned in any way in that court.

3. APPEALS AND ERRORS—*when question of jurisdiction cannot be considered.* The question of the jurisdiction of the circuit court of a bill in chancery cannot be considered by the Supreme Court where the plaintiff in error fails to file an abstract of record which shows the question of jurisdiction was raised in the trial court, or that the case was wholly foreign to chancery jurisdiction.

4. SAME—*abstract of record must be sufficient to present error relied upon.* Rule 14 of the Supreme Court requires the abstract of record to be sufficient to fully present every error and exception relied upon, and if the errors assigned are not made to appear by the abstract of record the judgment or decree must be affirmed.

WRIT OF ERROR to the Circuit Court of Knox county; the Hon. GEORGE W. THOMPSON, Judge, presiding.

CHARLES DICKERSON, and W. E. BYERS, for plaintiff in error.

WILLIAMS, LAWRENCE, WELSH & GREEN, and F. O. McFARLAND, for the adult defendants in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed in the circuit court of Knox county to enjoin the probating of an instrument in writing bearing date July 22, 1901, purporting to be the last will and testament of Elizabeth Housh, deceased. The abstract of the record, however, which has been filed in this court, is so imperfect that we are unable to pass upon the merits of the case. The bill and exhibits are abstracted in the following words: "Bill to enjoin probate of will of Elizabeth Housh of date of July 22, 1901, with exhibits A, B, C, D, E and F." The abstract shows a general demurrer was interposed to the bill and overruled, whereupon the defendants filed an answer, which is partially abstracted, and the answer is then followed by an abstract of the decree, which shows that the court, upon "the evidence," made certain findings of fact, which are set out, and then entered a decree, based upon such findings, perpetually enjoining defendants from causing to be probated the alleged will of the said Elizabeth Housh, and following the decree, as abstracted, is an assignment of error which challenges the jurisdiction of the circuit court to enter said decree.

Rule 14 of this court provides "the abstract must be sufficient to fully present every error and exception relied upon, and it will be taken to be accurate and sufficient for a full understanding of the questions presented for decision." (*Gibler* v. *City of Mattoon,* 167 Ill. 18; *Staude* v. *Schumacher,* 187 id. 187; *Kellogg Newspaper Co.* v. *Building Ass'n,* 210 id. 419; *Gay* v. *City of Chicago,* 228 id. 310;

*Inman* v. *Miller,* 234 id. 356.) The bill, as abstracted, does not show the grounds alleged for equitable relief, and the decree shows that the relief granted was based upon "the evidence," and the jurisdiction of the circuit court does not appear from the abstract to have been questioned in the trial court by motion, demurrer, answer or otherwise. While it may be true, as argued in the brief of the plaintiff in error, that the circuit courts of this State are not invested with jurisdiction, in every case, to enjoin the probate of a will, we are not prepared to say that a case might not arise, upon proper averment and proof, which would authorize a court of chancery, by reason of fraud, estoppel or otherwise, to enter a decree enjoining a defendant from causing a will to be probated when its jurisdiction to enter such decree was not challenged, and as the averments of the bill in this case are not shown by the abstract, we will presume a case was made in the circuit court which is not wholly foreign to the jurisdiction of a court of equity. If the subject matter of a suit is wholly foreign to equity jurisdiction a court of chancery cannot grant relief although the defendant submits himself to the jurisdiction of the court, but if the subject matter of the litigation is such that a court of chancery may take jurisdiction if certain conditions exist, and no objection is raised in the trial court that the complainant should have sought relief in a court of law or in some other tribunal, he will be deemed to have waived the jurisdictional question in a court of review. *Stout* v. *Cook,* 41 Ill. 447; *Crawford* v. *Schmitz,* 139 id. 564; *Law* v. *Ware,* 238 id. 360; *Hill* v. *St. Louis and Northeastern Railway Co.* 243 id. 344.

The plaintiff in error having failed to file an abstract of record which shows the question of jurisdiction was raised in the circuit court, and it not appearing from the abstract of record that the case was one wholly foreign to the jurisdiction of a court of chancery, the question of jurisdiction cannot be considered in this court.

As the errors assigned upon the record are not made to appear by the abstract of the record filed in this case, the decree of the circuit court will be affirmed.

*Decree affirmed.*