Fourth District—December, 1915.        59

City of Lawrenceville v. Central Ill. Pub. Serv. Co., 197 Ill. App. 59.

# City of Lawrenceville et al., Appellees, v. Central Illinois Public Service Company, Appellant.

1. Injunction, § 269*—*when motion to dissolve same effect as demurrer.* A motion to dissolve a temporary injunction for want of equity has the same effect as a demurrer to the bill, in so far as the injunction is concerned.

2. Equity, § 210*—*what questions considered on demurrer to bill.* On demurrer to a bill the court is only concerned with questions which arise on the face of the bill.

3. Equity, § 224*—*when matters in bill taken as true on demurrer.* On demurrer to a bill, the matters therein alleged must be taken as true.

4. Injunction, § 384*—*when lack of verification of bill not objection available on review.* On appeal from an order denying a motion to dissolve a temporary injunction, the fact that the bill was not verified cannot be taken advantage of for the first time on review, where the point is not mentioned in the reasons assigned in the trial court for the motion to dissolve, and does not appear to have been raised in that court, it being an objection which could have been obviated at the hearing on the motion had objection been seasonably made.

5. Injunction, § 106*—*when water company should be restrained from discontinuance of water service.* In a bill by a city and certain of its citizens to restrain a public water company from discontinuing its water service to complainants, where it appeared that defendant secured the franchise to supply water to complainant city and its inhabitants by virtue of an ordinance providing that defendant should furnish water of a certain standard of purity, and that in case defendant failed to furnish water of such standard, compensation for water furnished should be denied until the ordinance was complied with, and it further appeared that defendant failed to furnish water of the standard required by the ordinance, and that complainants refused to pay defendant's water bills, whereupon defendant threatened to discontinue furnishing water to complainants, *held* that complainants were entitled to the relief prayed for, it being inequitable to permit defendant to reap the benefits conferred on it by the ordinance without complying with such terms thereof as were for the benefit of the city and its inhabitants.

6. Equity, § 1*—*when relief for grounds appearing on face of bill should be granted.* Where it appears on the face of the bill

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

City of Lawrenceville v. Central Ill. Pub. Serv. Co., 197 Ill. App. 59.

that complainants are entitled to the relief prayed for, such relief must be granted unless a court of equity has no power to grant such relief.

7. INJUNCTION, § 106*—*when equity jurisdiction to grant temporary injunction against discontinuance of water service.* In a bill to restrain a public water company from discontinuing its water service for failure to pay water bills, where it appeared that the ordinance under which defendant secured the right to furnish water to complainants provided that defendant should be denied compensation for water furnished in case it failed to furnish water of a certain standard of purity, a temporary injunction granting the relief prayed is proper, notwithstanding the provisions of the Public Utilities Commission Act, creating such commission and giving it jurisdiction over the equipment, appliances, facilities and service of public utilities, such injunction having nothing to do with the selection of a source of water supply, nor the installation of equipment for efficient service, and merely restraining an inequitable act, it appearing that defendant did not furnish water of the standard of purity required by the ordinance.

Appeal from the Circuit Court of Lawrence county; the Hon. E. E. NEWLIN, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 1, 1915.

VAUSE, HUGHES & KIGER, for appellant.

B. O. SUMNER, for appellees.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This is an appeal from an order overruling a motion to dissolve a temporary injunction granted by the master in chancery of the Circuit Court of Lawrence county, on January 27, 1915, restraining appellant from discontinuing its public water service to certain inhabitants of the City of Lawrenceville, Illinois, who had refused to pay their water bills, until the further order of the Circuit Court of said county. The bill upon which the restraining order was issued was filed by the City of Lawrenceville and a number of its citi-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

zens, and sets out the ordinances passed by the city and accepted by appellant, under which the latter was furnishing water for public and private use throughout the city. One of said ordinances, known as No. 243, provided, as set forth in full in the bill, among other things, for the equipment and installation by the water company, of an improved and adequate filter system, known as the Mechanical-Chemical Filter system, and sections 3 and 4 of such ordinance were in the following language:

"3. The Lawrenceville Light and Water Company, its successors or assigns, shall, before it begins the furnishing of filtered water so taken as aforesaid, to the inhabitants of said city, and every ninety days thereafter, furnish to the city council an analysis made by some competent chemist selected or approved by said city, with his certificate of such analysis thereto attached of the water furnished to the inhabitants of said city through the said filter system, and if from said analysis said water so furnished as aforesaid, does not appear to be reasonably pure for domestic and drinking purposes, the said Light and Water Company, its successors and assigns, shall immediately take steps to repair their said filter system or make such changes therein as will render the water furnished by it reasonably pure for domestic and drinking purposes.

"4. If upon such analysis made by a competent chemist or board of chemists selected by said city, at any time, it shall appear that the water which is being furnished to the inhabitants of said city for domestic and drinking purposes is not reasonably pure, written notice of such fact shall be given to the said Light and Water Company, its successors and assigns, and if the said Light and Water Company, its successors and assigns, shall not within thirty days thereafter repair, remodel or change its said filter system so as to provide reasonably pure water for domestic and drinking

62     APPELLATE COURTS OF ILLINOIS.

City of Lawrenceville v. Central Ill. Pub. Serv. Co., 197 Ill. App. 59.

purposes then said company or its successors or assigns, shall not be entitled to receive any further pay from said city or any inhabitant or consumer of water on account of any water furnished said city or any consumer or inhabitant until such changes or repairs shall have been made; and if said repairs or changes are not made by said Light and Water Company to its said filter system within ninety days from the receipt of said notice, all the rights and privileges granted to said Light and Water Company, by this ordinance or by its original contract or franchise with said city, under which it is now furnishing water to said city and the inhabitants thereof, shall cease and terminate and thereafter be null and void."

This ordinance as it appears from the bill was after its passage, by the city, accepted by the Lawrenceville Light and Water Company, February 18, 1900, and subsequently the rights and privileges vested in said Light and Water Company were duly assigned to appellant here. It is further alleged in the bill that on August 20, 1913, and for a long time prior thereto, appellant had been furnishing to the city and its inhabitants water of a kind and quality wholly unfit for drinking purposes, and that prior to that date said city had caused an analysis of such water to be made by a competent chemist and that the analysis so made shows such water to be wholly unfit for many domestic uses and for drinking purposes and not reasonably pure for such purposes; that the city council on August 19, 1913, passed a resolution reciting that as the State water survey had analyzed certain samples of water taken from the mains and reported it unfit for drinking purposes and not the kind of water which appellant was required to furnish, that in pursuit of said ordinance No. 243, a notice be served on appellant which was in the words and figures following, to wit:

"To the Central Illinois Public Service Company: You are hereby notified that samples of water taken

City of Lawrenceville v. Central Ill. Pub. Serv. Co., 197 Ill. App. 59.

from the public mains of said City of Lawrenceville, Illinois, which water was furnished by you to the inhabitants of said city for domestic and drinking purposes and submitted to the Illinois State Water Survey for examination and analysis, has been reported by said Illinois State Water Survey to be unfit for drinking purposes. You are further notified to repair, remodel or change your filter system so as to provide reasonably pure water for domestic and drinking purposes, within thirty days from this date, and for failing so to do the provisions of said ordinance will be strictly enforced against you.'' That after the service of said notice on it, appellant failed to furnish said city and its inhabitants with the kind and quality of water it was required to furnish under said ordinance and that the water it did furnish was wholly unfit for drinking purposes; that it was salty, unsanitary, odorous, unpleasant to the taste, turbid and contained organic matter and disease germs and was only fit for use in bath tubs, sinks, water-closets and in steam and hot water pipes, and for laundry purposes; that after the service of such notice, appellees and many others of the inhabitants of said city refused to pay for water furnished them, for the reason that the same was impure and not the kind to be furnished under said ordinances, and that they still refused to pay for the same for such reasons; that appellant notified appellees and others that if their water rentals were not paid and settled by January 25, 1915, it would discontinue the supplying of water to such as refused to pay their water rentals and is threatening to cut off the water supply of appellees and others who have refused to pay; that appellees have no means of supplying themselves with water for their bath tubs, water-closets, sinks and laundry and steam heating purposes other than the water furnished by appellant; that they and each of them have at all times been ready and willing and are now ready and willing to pay appellant for

water of the kind and quality required to be furnished by said ordinances; that they believe appellant will cut off the water supply of appellees and all others who refuse to pay, unless restrained by the injunctive order of the court, and that irreparable damage and injury will result thereby to appellees and all other inhabitants of said city who are consumers of water furnished by appellant.

The prayer of the bill, so far as it relates to a temporary injunction, was that a writ be directed to appellant, restraining it from discontinuing water service to appellees and all other inhabitants of the city who are consumers of water furnished appellant, and from cutting off the supply furnished by it to appellee or any of the inhabitants of said city who are consumers of water on account of their not paying their water bills for water used since the expiration of thirty days after August 20, 1913, until the further order of the court. Four reasons were stated by appellant why the injunction should be dissolved, and its motion presented for that purpose. They were that (1) there was no equity on the face of the bill; that (2) the State Public Utilities Commission had exclusive jurisdiction over the quantity and quality and efficiency of any commodity furnished by any public utility authorized to do business in the State; that (3) since the 1st day of January, 1914, the State Public Utilities Commission has had exclusive jurisdiction to determine what improvements and extensions can and shall be made in its plant or service station in said city, and that until an order of convenience and necessity is made and entered by said commission, appellant is without power to change or enlarge its filter system; that (4) it does not appear from the face of the bill that any order of convenience or necessity has been made by said commission or that appellant has ever refused to obey any order or direction made by the commission relative to the subject-matter. A motion to dissolve a temporary injunction

for want of equity has the same effect, so far as the injunction is concerned, as a demurrer to the bill. *Williams v. Chicago Exhibition Co.*, 188 Ill. 19. We are therefore only concerned with questions which arise upon the face of the bill, and matters alleged therein must for the purposes of the motion be taken as true.

Appellant raises the question that the bill was not verified, but that question is not mentioned in the reasons assigned by appellant for the dissolution of the injunction and does not appear to have been raised at all in the court below, and being an objection which could have been obviated on the hearing, the question cannot be raised for the first time here. *St. John v. President & Trustees of Village of North Utica*, 157 Ill. App. 504. The question of equity raised on the face of the bill concisely stated is, can appellant, after engaging to furnish the city and its inhabitants with water and agreeing that the same should not be paid for, when not fit for drinking and domestic purposes, cut off the supply if payment is refused therefor, although it is shown that the same is not of the quality agreed to be furnished, the inhabitants being ready to pay for the same, when of a proper quality and fit for drinking and domestic purposes. The furnishing of water of the quality named in the ordinance was one of the considerations for the granting of the ordinance to appellant, and by that ordinance it gained certain privileges. It would therefore be manifestly inequitable to permit appellant to continue to reap the benefit of the privileges conferred upon it by the ordinance, without complying with those terms of the same instrument which were for the benefit of the city, and its inhabitants. It would appear clear, therefore, that upon the face of the bill, appellees were equitably entitled to the relief sought for and that such relief should be granted unless some reason exists why a court of equity has no power to grant such relief. Appellant insists that there is a reason why a court of

chancery cannot grant relief of this kind and that the same is afforded by the act providing for the regulation of public utilities and creating a State Public Utilities Commission, in force July 1, 1914. That act provides, sections 49 and 50, that whenever a commission, after hearing had upon its own motion or upon complaint, shall find that the equipment, appliances, facilities or service of any public utility are unjust, unreasonable, unsafe, improper, inadequate or insufficient, the commission shall determine the just, reasonable, safe, proper, adequate or sufficient equipment, appliances facilities, service or methods to be observed and shall fix the same by order, decision, rule or regulation. Also that: ''Whenever the commission, after a hearing had upon its own motion or upon complaint, shall find that additions, extensions, repairs or improvements to, or changes in, the existing plant, equipment, apparatus, facilities or other physical property of any public utility or of any two or more public utilities ought reasonably to be made, or that a new structure or structures should be erected, * * * to secure adequate service or facilities, the commission shall make and serve an order directing that such additions, extensions, repairs, improvements or changes be made or such structure or structures be 'erected in the manner and within the time specified in said order.''

Counsel for appellant state that the only question is, in what forum shall the controversy be settled. They also say: ''The judge of the Circuit Court of Lawrence County, sitting as a chancellor, has no power to select a suitable source of water supply and order the defendant to install any particular kind of equipment to give efficient service. The General Assembly has vested that power only in the Utilities Commission.'' Also that: ''The State Public Utilities Commission is the only forum that has jurisdiction of the subject-matter of this controversy and is the only forum vested with requisite power and authority to make the neces-

sary orders for the protection of the rights and property of the respective litigants." We think counsel misconceived the scope of the bill and of the injunction granted in pursuance thereto. The prayer for a temporary restraining order was that appellant be restrained from discontinuing service of water to the complainants and all other inhabitants of said City of Lawrenceville, who are consumers of water furnished by appellant, and from cutting off the supply furnished by it to complainants or to any of the inhabitants of said city who are consumers of water furnished by said company, "on account of their not paying water bills rendered by said company for water used since the expiration of thirty days next from the 20th of August, A. D. 1913, until the further order of this court," and the temporary injunction was in accordance with the prayer of the bill. The prayer of the bill and the injunction issued have nothing to do with the selection of a suitable source of water supply for the city or the installation of equipment of any kind to give efficient service. The bill simply asks that appellant be restrained from discontinuing its water service to complainants and the other inhabitants of the city, who are consumers of water furnished by it on account of their not paying their water bills, until the further order of the court. This restraining order only required appellant to continue furnishing water to those theretofore entitled to its use in accordance with the terms of the ordinance which granted them their franchise, until some further order should be entered by reason of a hearing of the case and determination thereof or for some other sufficient reason appearing in a proper proceeding in the course of the suit. It may be that proper steps may be taken by the parties to raise the questions here presented by appellant upon the trial of the main case before the chancellor, but they do not appear to us to arise here, and in our opinion the order of the

court below, overruling the motion to dissolve the temporary injunction, should be and it accordingly is affirmed.

*Affirmed.*